[No. 59196-2.    En Banc.    November 19, 1992.]

THE STATE OF WASHINGTON, *Petitioner*, v. GREGORY
SIMON, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Peter R. Goldman, Deputy,* for petitioner.

*Theresa Bridget Doyle* and *Colleen E. O'Connor* of *Washington Appellate Defender Association,* for respondent.

PER CURIAM. — The State seeks review of a Court of Appeals decision partially dismissing an information charging Gregory Simon with first degree promotion of prostitution. The State contends that the information adequately charged commission of the crime by means of knowingly promoting the prostitution of a person under 18, and that, in any event, the proper remedy for an inadequate information is not outright dismissal of the charge. We grant review and affirm in part and reverse in part.

On February 22, 1990, the King County Prosecutor filed an information charging Gregory Simon with first degree promotion of prostitution, alleging that Simon "did knowingly advance and profit from the prostitution of Bobbie J. Bartol, a person who was less than 18 years old", in violation of RCW 9A.88.070(1)(b).[1] One day before trial, the prosecutor amended the information to charge both this means of committing first degree promotion of prostitution and the means requiring the use of threat or force. Specifically, the amended information alleged that Simon

> did knowingly advance and profit by compelling Bobbie J. Bartol by threat and force to engage in prostitution; and did

---

[1] The information incorrectly spelled Simon's name "Simons", and the correct spelling of "Bartol" is "Bartall".

> advance and profit from the prostitution of Bobbie Bartol, a person who was less than 18 years old;
> Contrary to RCW 9A.88.070(1)(a) and (b), and against the peace and dignity of the state of Washington.

At trial, Simon did not object to the adequacy of the amended information, and both the State and the defense understood that, with regard to the second means of committing the crime, the State had the burden of proving that Simon knew Bobbie Bartall was under 18.

A jury found Simon guilty. On appeal, Simon argued for the first time that the amended information was defective as to the second means of promoting prostitution because it failed to allege that Simon knew Bartall was under 18. The Court of Appeals agreed and dismissed that portion of the information.

Simon also argued on appeal that there was insufficient evidence that he promoted prostitution by use of threat or force. The Court of Appeals determined that the evidence supported that means, but, because the court could not determine whether the jury was unanimous as to that means, it remanded for a new trial. The court also rendered holdings on two evidentiary arguments raised by Simon, finding one of them to have merit. *State v. Simon*, 64 Wn. App. 948, 831 P.2d 139 (1991).

A charging document is constitutionally adequate only if all essential elements of a crime, statutory and non-statutory, are included in the document so as to apprise the defendant of the charges against him and to allow him to prepare his defense. *State v. Hopper*, 118 Wn.2d 151, 155, 822 P.2d 775 (1992); *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). Where, as here, a charging document is challenged for the first time on review, however, the document is liberally construed in favor of validity. *Kjorsvik*, at 105.

The State concedes that knowledge that the prostitute was under 18 is a necessary element of the second means of committing first degree promotion of prostitution. *Accord, State v. Shipp*, 93 Wn.2d 510, 519, 610 P.2d 1322 (1980).

The information, however, alleged that Simon *"did knowingly* advance and profit by compelling Bobbie J. Bartol by threat and force to engage in prostitution; and *did* advance and profit from the prostitution of Bobbie Bartol, a person who was less than 18 years old." (Italics ours.) The Court of Appeals held that this language, even when liberally construed, does not allege knowledge of age as an element of the second means of committing the crime.

■ We agree. By simple rules of sentence structure and punctuation, the term "knowingly", as used in the information, does not refer to the second means of committing the crime. The information must be written in such a manner as to enable persons of common understanding to know what is intended. *Kjorsvik*, at 110; RCW 10.37.050. No one of common understanding reading the information would know that knowledge of age is an element of the charge of promoting prostitution of a person under 18.

The State contends, however, that the Court of Appeals erred in dismissing outright the charge of promoting prostitution of a person under 18. It argues that the proper remedy for a conviction based on a defective information is to reverse and remand for a new trial.

■ Reversal and remand for a new trial is not a proper remedy. Nonetheless, the State correctly argues that outright dismissal of the charge is not appropriate either. That the Court of Appeals dismissed the charge outright is clear from its opinion: the court expressly dismissed the charge of promoting prostitution of a person under 18 and remanded for retrial only the charge of promoting prostitution by use of threat or force. *State v. Simon, supra* at 965. The proper remedy for a conviction based on a defective information is dismissal without prejudice to the State refiling the information. *State v. Markle*, 118 Wn.2d 424, 440-41, 823 P.2d 1101 (1992); *State v. Anderson*, 96 Wn.2d 739, 742, 638 P.2d 1205, *cert. denied*, 459 U.S. 842 (1982).

Accordingly, the Court of Appeals erred to the extent it dismissed outright the charge of promoting the prostitution of a person under 18. The State has a right to refile an

information charging that means, and the decision of the Court of Appeals is affirmed and reversed in part.