[Nos. 12793-1-III; 14299-0-III.   Division Three.   October 19, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. MERVIN
STANLEY SLOAN, *Appellant*.

*In the Matter of the Application for Relief from
Personal Restraint of* M. STANLEY SLOAN, *Petitioner*.

*Carl J. Oreskovich, Terry L. Williams,* and *Oreskovich & Holden,* for appellant/petitioner.

*James R. Sweetser, Prosecuting Attorney,* and *Dannette W. Allen, Deputy,* for respondent.

SWEENEY, A.C.J. — Theft by deception is obtaining control over the property or services of another by deception.[1] The statutory definition of deception includes knowingly creating another's false impression.[2]

Mervin Stanley Sloan's girlfriend, Faith Worthington, owned a boat with her ex-boyfriend. The boyfriend had possession of the boat, but refused to make payments to

---

[1] RCW 9A.56.020(1)(b).

[2] RCW 9A.56.010(4)(a).

the lienholder, Spokane Teachers Credit Union. With Worthington's approval, Sloan made arrangements with his long-time friend, Charles Rogers, to repossess the boat. Rogers worked for Auto Recovery Service. On April 9, 1991, Rogers, Sloan and Gary Materne, a frequent employee of Auto Recovery, repossessed the boat and moved it to Auto Recovery's lot. Worthington then tried to negotiate a settlement with the credit union. When those negotiations failed, Sloan told Rogers he wanted the boat back. Rogers refused because he wanted repossession and storage fees paid. Sloan and Materne then gained access to the Auto Recovery lot on May 4, 1991, by telling an Auto Recovery employee they wanted to work on the boat. They surreptitiously removed the boat from the lot. By information, the State charged Sloan with second degree theft by obtaining control over property and services, "boat repossession services," belonging to Auto Recovery "by means of gaining access to an impound lot by means of falsehoods with intent to deprive Auto Recovery of such property and services" on May 4, 1991.

The question presented is whether the information charges facts which, if proven, would constitute the crime of theft by deception. Because the repossession services had been procured before the deception and could not, therefore, have been the result of the deception, we hold that the information did not charge the elements of the crime of theft by deception.

■ Theft by deception requires a finding that the defendant procured (obtained control over) another's property or services "[b]y color or aid of deception . . . ."[3] When Sloan fraudulently induced the Auto Recovery employee to unlock the gate to the impound lot, he did not, at that time, obtain control over Auto Recovery's repossession services or even the value of those services. The services had already been rendered.

---

[3]RCW 9A.56.020(1)(b); *State v. Stanton*, 68 Wn. App. 855, 868, 845 P.2d 1365 (1993) (false representation of a material fact made to induce another to part with his property); *State v. Vargas*, 37 Wn. App. 780, 785, 683 P.2d 234 (1984) (fraudulently procuring a victim's consent to the transfer of property).

The State argues that there was ample evidence that Sloan and Worthington never intended to pay Auto Recovery. In support, the State relies on two civil cases,[4] for the proposition that an appellate court can sustain the trial court's judgment upon any theory established by the pleadings, and supported by the proof. The State's reliance on these civil cases is misplaced.

■■ In a criminal case, the State is required to file a charging document which apprises the accused of the charges with reasonable certainty to permit preparation of a defense.[5] Anything less is a denial of due process.[6] Even a liberal construction of an information in favor of validity requires at least an adequate identification of the crime charged.[7] When an information is not challenged at trial, it is liberally construed on appeal in favor of validity.[8] *Kjorsvik* sets out a two-part test to determine the sufficiency of the charging document: (1) Are the necessary facts included, or can they be found in the document by fair construction? If so, (2) "can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?"[9] Here, those necessary facts—*procurement* of the repossession services on April 9, 1991 (the date the boat was repossessed) by deception—are not found in the information and cannot be found by fair construction.

The State next argues that any error was harmless because the testimony would support a verdict that Sloan procured Auto Recovery's services by deception. Whether

---

[4]*LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989); *Hein v. Taco Bell, Inc.*, 60 Wn. App. 325, 332, 803 P.2d 329 (1991).

[5]*State v. Simon*, 120 Wn.2d 196, 198, 840 P.2d 172 (1992); *State v. Hale*, 65 Wn. App. 752, 755, 829 P.2d 802 (1992).

[6]*Simon*, 120 Wn.2d at 198; *State v. Hopper*, 118 Wn.2d 151, 155, 822 P.2d 775 (1992).

[7]*State v. Kjorsvik*, 117 Wn.2d 93, 98, 812 P.2d 86 (1991).

[8]*Kjorsvik*, 117 Wn.2d at 105.

[9]*Kjorsvik*, 117 Wn.2d at 105-06.

the evidence is sufficient to support such a verdict or not, the fact is that the jury was instructed to convict on the crime as charged: obtaining control over the services of another by deception on May 4, 1991. There could be no theft by deception on May 4 because the services had already been procured.

By retrieving the boat, Sloan at most breached a contract to pay for the repossession services. But breach of a contract without more does not support criminal liability.[10] In *Pike*, a car owner contracted with an auto repair business for work on his car. When repairs were completed, the keys to the car were left on top of the work invoice in the business office. Pike surreptitiously picked up the keys, invoice and car, but never paid for the repairs. Pike was convicted of second degree theft for taking his car without paying for the repairs. On appeal, we reversed, holding that the State failed to prove Pike had taken the "property of another."[11] The supreme court affirmed, noting that since the State chose to pursue a theory of theft by taking rather than theft by deception, it voluntarily took on the task of proving that the car was the property of another.[12] The State argues that this language in *Pike* suggests that Pike could have been convicted of theft by deception for taking his car without paying for the repairs. On the contrary, Pike could have only been charged with fraudulently contracting with the repair business, in other words, procuring its services without intending to pay for them.

The information here did not allege, and the State did not argue, that Sloan fraudulently procured Auto Recovery's repossession services on April 9, 1991. It argued rather that he fraudulently avoided payment for those

---

[10]*State v. Pike*, 118 Wn.2d 585, 595, 826 P.2d 152 (1992) (the courts "are loath to turn the criminal justice system into a mechanism for the collection of private debts").

[11]*State v. Pike*, 60 Wn. App. 738, 807 P.2d 368 (1991), *aff'd*, 118 Wn.2d 585, 826 P.2d 152 (1992).

[12]*Pike*, 118 Wn.2d at 595.

services by retrieving the boat on May 4, 1991. Auto Recovery employees testified that they would not have released the boat without payment. The problem with that position is that Auto Recovery did not have a lien on the boat or, for that matter, any other basis for asserting a superior possessory interest. Absent such an interest, Auto Recovery had no legal claim for possession of the boat, only a general contractual claim against Worthington or Sloan.[13]

The facts alleged in the information and argued at trial do not support conviction for second degree theft by deception and we so hold. Because the verdict is based on a defective information, the proper remedy is dismissal without prejudice.[14] Given our disposition, it is unnecessary to decide Sloan's remaining assignments of error or the issues raised in the personal restraint petition.

The conviction is reversed and the personal restraint petition is dismissed.

MUNSON and SCHULTHEIS, JJ., concur.