10 P.3d 380 (2000)
141 Wash.2d 712
In the Matter of the Personal Restraint of: Elijah THOMPSON, Petitioner.
No. 67705-1.
Supreme Court of Washington, En Banc.
Argued March 20, 2000.
Decided September 28, 2000.
*382 Elijah J. Thompson, Airway Heights, Sheryl G. McCloud, Seattle, for Petitioner.
Russell Hauge, Kitsap County Prosecutor, Randall Sutton, Deputy Kitsap County Prosecutor, Port Orchard, for Respondent.
*381 GUY, C.J.
In a personal restraint petition (PRP) filed more than one year after judgment became final, Petitioner Elijah Thompson seeks relief from his sentence on the basis that his criminal conduct occurred before the effective date of the statute creating the offense.
Because we find Petitioner's judgment and sentence to be invalid on its face, his PRP is not barred from consideration by the one-year time limit of RCW 10.73.090. Petitioner's plea agreement does not constitute a waiver of his right to complain of violations of the ex post facto and due process clauses of the state and federal constitutions. Because he did not knowingly plead guilty to an invalid charge and because the sentence imposed pursuant to the agreement was not authorized by statute, we do not hold Thompson to his bargained-for plea agreement. Because Thompson did not knowingly set up an error and then complain about it on appeal, we do not apply the doctrine of invited error to his PRP. We do not reach the other issues raised by the parties.
Thompson is entitled to the relief he requests. We vacate his conviction and dismiss Count III of the information without prejudice to the State to refile the information. Such actions return the parties to the status quo ante, that is, to the position they were in before they entered into the agreement. The statute of limitation does not bar prosecution of Thompson under former RCW 9A.44.070 (1986), repealed by Laws of 1988, ch. 145, § 24, provided the amended information is timely refiled, and the State may charge him with having committed an offense related to the conduct he admitted to under Count III of the amended information. The State may also reinstate the charges for Counts I and II, which were dismissed pursuant to the plea bargain.

FACTS
On June 30, 1994 Petitioner pleaded guilty to one count (Count III) of first degree rape of a child. Answer to Pet. for Review (State's Answer), App. B, Statement of Def. on Plea of Guilty at 3; Am. Information at 2. As part of the plea agreement, the State dismissed two other counts (Counts I and II) of first degree rape of a child. State's Answer at 3; State's Answer, App. B, Am. Information at 1-2. The amended information, which had been incorporated by reference into the plea statement, stated the period in which the offense occurred as "1/1/85 through 12/31/86." Id. at 2. The statute creating the offense Petitioner was charged with was not enacted until 1988, nearly two years after the conduct occurred. RCW 9A.44.073; Laws of 1988, ch. 145, § 2. The trial court sentenced Thompson to 180 months confinement, well beyond the standard sentencing range for his offense. State's Answer, App. B, Judgment and Sentence at 2, 5. Petitioner appealed the length of his sentence, and on July 12, 1996, the Court of Appeals, Division Two, affirmed the trial court. Id., App. D. The Court of Appeals mandate was issued on November 19, 1996. Id., App. E. Petitioner filed his PRP on January 7, 199[9] (clerical error of "1998" on original), more than two years after the mandate. On February 1, 1999, the Court of Appeals dismissed his petition as time-barred. State's Answer, App. A. Thompson submitted a motion for discretionary review in this court on February 24, 1999. This court granted Petitioner's motion on November 2, 1999.

ISSUES
(1) Is Petitioner Thompson barred by RCW 10.73.090 from challenging his conviction *383 and sentence because he filed his PRP more than one year after the judgment became final?
(2) Does Petitioner's guilty plea constitute a waiver of his right to complain of any constitutional violations not inhering in the plea process itself?
(3) Where Petitioner has bargained for and received a benefit in exchange for his plea, must he be held to his bargain?
(4) Should this court apply the invited error doctrine to Petitioner?
(5) Is Petitioner entitled to relief from his sentence because he pleaded guilty to an offense which occurred before the effective date of the statute creating the offense?
(6) Does the statute of limitation bar the State from charging Petitioner with an offense under former RCW 9A.44.070?

DISCUSSION
We first consider whether Petitioner Thompson is barred by RCW 10.73.090 from challenging his conviction and sentence because he filed his PRP more than one year after the judgment became final. Noting that Thompson's judgment and sentence became final on November 19, 1996 and that his PRP was filed on January 7, 1999, the Court of Appeals found that the Petitioner failed to establish that any of the exceptions in RCW 10.73.100 to the time bar applied in his case. State's Answer, App. A. The court therefore dismissed his petition. The second of the six grounds listed in RCW 10.73.100 reads: "The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct[.]" RCW 10.73.100(2). Petitioner pleaded guilty on June 30, 1994 to the crime of first degree rape of a child as charged in the amended information. State's Answer, App. B, Statement of Def. on Plea of Guilty at 3. The amended information stated the period during which the offense occurred as "1/1/85 through 12/31/86." State's Answer, App. B, Am. Information at 2. The statute creating that offense was not enacted until 1988, nearly two years after the offense occurred. RCW 9A.44.073; Laws of 1988, ch. 145, § 2. Petitioner contends that application of this 1988 statute to conduct occurring before its enactment is unconstitutional under the Washington State and United States Constitutions whether viewed as a violation of the ex post facto clause or the due process clause. Supplemental Br. of Pet'r at 10. He argues that his petition is based upon the grounds in RCW 10.73.100(2) and that the one-year time limit should not be applied to his PRP.
Instead of determining whether Thompson's petition fits under the RCW 10.73.100(2) exception to the one-year limit, we instead discuss whether pursuant to RCW 10.73.090 the judgment and sentence was valid on its face. "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). "Constitutionally invalid on its face" means a conviction which without further elaboration evidences infirmities of a constitutional magnitude. State v. Ammons, 105 Wash.2d 175, 188, 713 P.2d 719, 718 P.2d 796 (1986). In rejecting a challenge to the constitutional validity of a prior conviction, this court in Ammons stated that a claim that jury instructions were unconstitutional cannot be determined facially because the trial court would have to go behind the verdict, sentence, and judgment to make such a determination. Id. at 189, 713 P.2d 719. The phrase "on its face" has been interpreted to mean those documents signed as part of a plea agreement. State v. Phillips, 94 Wash. App. 313, 317, 972 P.2d 932 (1999) (citing Ammons, 105 Wash.2d at 187-89, 713 P.2d 719). A superior court sentence valid at the time it was entered became "invalid on its face" when the federal sentence it referred to was reversed and where there was no longer a previous sentence on which the state sentence could operate. State v. Klump, 80 Wash.App. 391, 396-97, 909 P.2d 317 (1996). Under such circumstances, the one-year time limit of RCW 10.73.090 does not apply. Id. at 397, 909 P.2d 317. An untimely PRP was not barred by RCW 10.73.090 where the statute of limitation had *384 expired on one count or where the sentence imposed for other convictions was in excess of the duration allowed by statute; on each ground the judgment or sentence was invalid on its face. In re Personal Restraint of Stoudmire, 141 Wash.2d 342, 354-56, 5 P.3d 1240 (2000).
An examination of the documents signed as part of Petitioner's plea agreement shows that Thompson was charged with first degree rape of a child, which did not become a crime until nearly two years after the offense or offenses occurred. Thus, we find the judgment and sentence invalid on its face, and consideration of the merits of Thompson's PRP is not barred by the one-year time limit of RCW 10.73.090.
We now consider whether Petitioner is entitled to relief. In order to obtain collateral relief by means of a PRP, a person must establish that he or she is being unlawfully restrained due to "a `fundamental defect which inherently results in a complete miscarriage of justice.'" In re Personal Restraint of Fleming, 129 Wash.2d 529, 532, 919 P.2d 66 (1996) (quoting In re Personal Restraint of Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990)). We find that the incarceration of Petitioner for an offense which was not criminal at the time he committed it is unlawful and a miscarriage of justice.
The State, however, argues that by pleading guilty, the Petitioner waived all claims preceding the plea, including constitutional violations not inhering in the plea process itself. State's Answer at 12. The case law cited by the State as authority for this proposition does not support such a sweeping claim. In a case out of this court, State v. Majors, 94 Wash.2d 354, 356-57, 616 P.2d 1237 (1980), petitioner waived specific enumerated rights, some of them constitutional, such as trial by jury and self-incrimination. Majors does not stand for the proposition that any and all rights preceding a plea are waived by it. Thompson's plea agreement does not waive his right to complain of violations of the ex post facto and due process clauses. State's Answer, App. B, Statement of Def. on Plea of Guilty at 1. Violation of those clauses is what he complains of in this petition. The language of United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) is more comprehensive than that in Majors, yet it contains important qualifications. Exceptions to the foreclosure of collateral attack on a guilty plea exist where on the face of the record the court had no power to enter the conviction or impose the sentence. Id. We have already found the judgment and sentence in this case to be invalid on its face, so Thompson's petition fits under this exception. The guilty plea must also have been voluntary and intelligent, an issue we discuss next. Broce, 488 U.S. at 574, 109 S.Ct. 757 (citing Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984)).
The State contends that where a defendant has bargained for and received a benefit in exchange for his plea, he must adhere to his bargain. State's Answer at 12 (citing Majors, 94 Wash.2d at 358, 616 P.2d 1237). In Majors, a defendant who had been charged with first degree murder entered into an agreement in which he pleaded guilty to a reduced charge of second degree murder and to being a habitual criminal. 94 Wash.2d at 355, 616 P.2d 1237. As part of the bargain, Majors explicitly waived his right to appeal. Id. Later, however, on appeal Majors argued that the supplemental information was defective and void because one of his prior felony convictions occurred after the underlying offense for which he was sentenced as a habitual criminal. Id. at 355-56, 616 P.2d 1237. The Majors court rejected his claim: "Inasmuch as petitioner's attack on the supplemental information was not jurisdictional and petitioner was concededly not misled by the technical defect, we hold he must be held to the terms of the plea bargain." Id. at 359, 616 P.2d 1237. The court's holding depends upon the petitioner's not being misled by the technical defect before entering into the agreement. The holding in In re Personal Restraint of Barr, 102 Wash.2d 265, 684 P.2d 712 (1984), is limited by a similar qualification. In that case petitioner Barr pleaded guilty to one count of indecent liberties, and the prosecutor agreed not to charge Barr with any other offenses. Id. at 267, 684 P.2d 712. All parties to the plea agreement mistakenly believed the indecent liberties statute *385 required the victim to be 14 years old or less, whereas the statute actually says less than 14. Id. In a PRP Barr claimed his plea was invalid because, among other things, it was not knowing and voluntary since he was not informed of a critical element of the charge. Id. at 266, 684 P.2d 712. The court rejected his argument and found that his plea was voluntary and intelligent because he "was fully aware that the State's information alleging indecent liberties was potentially defective. The plea bargain, with its factually suspect information, was completely disclosed to the trial court." Id. at 270-71, 684 P.2d 712 (emphasis added). The knowledge requirement was heightened in a subsequent case, In re Personal Restraint of Hews (Hews II), 108 Wash.2d 579, 741 P.2d 983 (1987), which arguably distinguished Majors and Barr. Quoting In re Personal Restraint of Hews (Hews I), 99 Wash.2d 80, 88, 660 P.2d 263 (1983), this court in Hews II summarized the minimal requirements for a valid plea: "`[A]n accused must not only be informed of the requisite elements of the crime charged, but also must understand that his conduct satisfies those elements.'" Hews II, 108 Wash.2d at 589, 741 P.2d 983. The Hews II court rejected the State's view that Majors and Barr held "that a defendant need not be aware of the nature of the charge to which he ultimately pleads or understand that the facts he admits to constitute that offense." Id. at 590, 741 P.2d 983. Adopting the State's interpretation of Barr would effectively overrule Hews I "by implying that so long as one receives one's `benefit of the bargain', a full understanding as to the nature of the ultimate charge is not required. Barr did not overrule Hews [I], and we decline to do so now." Id.
Thompson's plea does not appear to meet the knowledge requirement. There is no evidence to suggest that Thompson understood that he would plead guilty to an invalid charge in exchange for having the two valid charges dropped. Thompson's case does not even meet the lower knowledge requirement in Majors and Barr, in which the defendants were either not misled by the technical defect or were aware the charge was potentially defective.
The State urges that Thompson be held to his bargain because he stipulated to conduct which would have given rise to criminal penalties under the former RCW 9A.44.070 (first degree statutory rape) as well as under RCW 9A.44.073 (first degree rape of a child), upon which the mistaken charge was based. State's Answer at 12-13. If Thompson is to be held to his bargain, we must decide whether he is guilty under former RCW 9A.44.070 or RCW 9A.44.073 or both. If he is thought to be guilty under the former RCW 9A.44.070, his plea was not knowing and voluntary. Under Hews II one of the requirements of a valid plea is that the defendant be informed of the requisite elements of the crime charged. Hews II, 108 Wash.2d at 589, 741 P.2d 983. One of the elements of first degree statutory rape is that the victim be less than 11 years old (former RCW 9A.44.070); for first degree rape of a child the victim must be less than 12 years old. Also, the earlier statute requires the perpetrator to be over 13 years of age, whereas the later statute says instead that the perpetrator must be at least 24 months older than the victim and not married to the victim. Former RCW 9A.44.070; RCW 9A.44.073. Because Thompson pleaded guilty to first degree rape of a child, if held responsible for first degree statutory rape, he would not have been properly informed of the elements of that crime. A more basic difficulty for the State is that holding a person responsible for a crime he was not charged with is inconsistent with Washington Const. art. I, § 22, which provides in part: "In criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation against him...." Interpreting this proposition we have said, "Under this provision, a defendant has the right to be informed of the charges against him and to be tried only for offenses charged." State v. Peterson, 133 Wash.2d 885, 889, 948 P.2d 381 (1997) (citing State v. Pelkey, 109 Wash.2d 484, 489, 745 P.2d 854 (1987); State v. Irizarry, 111 Wash.2d 591, 592, 763 P.2d 432 (1988)). Thompson's case would not come under the two recognized exceptions to this rule, exceptions for lesser included offenses and for crimes of an inferior degree. Peterson, 133 *386 Wash.2d at 889, 948 P.2d 381. Thompson was not charged with, did not plead guilty to, and was not convicted of first degree statutory rape. Under these circumstances, Thompson cannot be held responsible for that offense.
If Thompson is thought to be guilty under RCW 9A.44.073, then the trial court is applying the statute to him retrospectively. Such an application is either a violation of the ex post facto clauses of the federal and state constitutions under the test in In re Personal Restraint of Powell, 117 Wash.2d 175, 185, 814 P.2d 635 (1991) or a due process violation under State v. Aho, 137 Wash.2d 736, 742-743, 975 P.2d 512 (1999). Although Thompson's plea bargain did contain a waiver of certain constitutional rights, it did not waive his rights under the ex post facto and due process clauses of the state and federal constitutions. Moreover, since Thompson's offense was committed before the effective date of RCW 9A.44.073, the trial court had no authority to convict him of violating it. "[A] plea bargaining agreement cannot exceed the statutory authority given to the courts." In re Personal Restraint of Gardner, 94 Wash.2d 504, 507, 617 P.2d 1001 (1980). "[T]he actual sentence imposed pursuant to a plea bargain must be statutorily authorized...." In re Personal Restraint of Moore, 116 Wash.2d 30, 38, 803 P.2d 300 (1991). "`When a sentence has been imposed for which there is no authority in law, the trial court has the power and duty to correct the erroneous sentence...." In re Personal Restraint of Carle, 93 Wash.2d 31, 33, 604 P.2d 1293 (1980) (emphasis omitted) (quoting McNutt v. Delmore, 47 Wash.2d 563, 565, 288 P.2d 848 (1955)). Thus, neither under former RCW 9A.44.070 nor under RCW 9A.44.073 can Thompson be held to his bargain.
The State urges this court to apply the invited error doctrine to Petitioner. State's Answer at 13. The doctrine of invited error "`"prohibits a party from setting up an error at trial and then complaining of it on appeal."'" In re Personal Restraint of Breedlove, 138 Wash.2d 298, 312, 979 P.2d 417 (1999) (emphasis added) (quoting State v. Wakefield, 130 Wash.2d 464, 475, 925 P.2d 183 (1996) (quoting State v. Pam, 101 Wash.2d 507, 511, 680 P.2d 762 (1984), overruled on other grounds by State v. Olson, 126 Wash.2d 315, 893 P.2d 629 (1995))). The doctrine appears to require affirmative actions by the defendant. In Wakefield, the State argued for the doctrine because the trial court became involved in the plea negotiations "in response to a request from defense counsel." Wakefield, 130 Wash.2d at 475, 925 P.2d 183. Because the source of any error may have been not defense counsel but the trial court, whose actions cast doubt on the voluntariness of Wakefield's plea, this court declined to apply the invited error doctrine. Id. In State v. Boyer, 91 Wash.2d 342, 345, 588 P.2d 1151 (1979), a defendant proposed a jury instruction and then challenged it on appeal. In Breedlove, petitioner as part of a settlement agreed he would not be able to challenge the basis of the imposition of an exceptional sentence, signed the sentencing order, which contained an abbreviated reason for the exceptional sentence rather than findings of fact, and later complained that the trial court's failure to make specific findings was error. 138 Wash.2d at 301, 312-13, 979 P.2d 417. In another case involving a plea agreement, a defendant stated in his plea that he understood that he would receive consecutive sentences but on appeal complained about the consecutive nature of the sentences. State v. Cooper, 63 Wash.App. 8, 9, 14, 816 P.2d 734 (1991). In these invited error doctrine cases, the defendant took knowing and voluntary actions to set up the error; where the defendant's actions were not voluntary, the court did not apply the doctrine. Wakefield, 130 Wash.2d at 475, 925 P.2d 183.
The State surmises a strategy on Thompson's part to set up the error. He would knowingly plead guilty to an invalid charge, and this would give him an "ace up his sleeve," which he would play six years after the fact once enough time passed to make a retrial difficult. State's Answer at 14-15. Under this scenario, Petitioner did not point out the error because he would then have been convicted under the correct statute; instead, he accepts conviction under the incorrect statute so that he may obtain *387 release from confinement at the time of his choosing. However, the State has provided no evidence that Thompson knowingly pleaded to an invalid charge. Instead, it appears that neither of the parties nor the trial court was aware of the error. In Wakefield and Cooper, cases in which the doctrine was applied to plea agreements, the plea documents themselves indicate the defendants knowingly agreed to certain terms; the defendants later complained about them on appeal. Here the plea documents do not state that the charge was invalid or that Thompson waived his right to complain of ex post facto or due process violations. Because his plea was not knowing and because the error was not invited by Petitioner, we do not apply the doctrine of invited error to Thompson.
Thompson is therefore entitled to relief from his sentence because he pleaded guilty to an offense which occurred before the effective date of the statute creating the offense. "`The proper remedy for a conviction based on a defective information is dismissal without prejudice to the State refiling the information.'" State v. Vangerpen, 125 Wash.2d 782, 793, 888 P.2d 1177 (1995) (quoting State v. Simon, 120 Wash.2d 196, 199, 840 P.2d 172 (1992)). "Dismissal without prejudice has been the consistent remedy imposed for reversible error based on an improper charging document." Id. We vacate Thompson's conviction and dismiss Count III of the information without prejudice to the State's refiling the information.
Finally, Thompson claims that he cannot be prosecuted on a charge of first degree statutory rape (former RCW 9A.44.070) on Count III because prosecution would be barred by the statute of limitation. Supplemental Br. of Pet'r at 16. Petitioner admitted that his conduct for this charge occurred in 1985-86. State's Answer, App. B, Am. Information at 2. But he wasn't charged until 1994, more than one year beyond the seven-year period set by the statute applicable at the time. Supplemental Br. of Pet'r at 16. The State counters that the statute of limitation did not expire if one applies the statute in effect at the time Thompson was charged rather than the statute in effect when he committed his offense. State's Supplemental Br. at 26. If Thompson is correct, with respect to conduct covered by Count III he cannot be charged under either former RCW 9A.44.070 (first degree statutory rape) or RCW 9A.44.073 (first degree rape of a child), and any charges for conduct related to Count III must be dismissed. Counts I and II are unaffected by this argument.
At the time Petitioner committed the offense for which he was charged under Count III, former RCW 9A.04.080 barred prosecution for violations of former RCW 9A.44.070 more than seven years after their commission. In 1989, the Legislature changed the limitation period applicable to former RCW 9A.44.070 from seven years to three years after the victim's eighteenth birthday or seven years, whichever is later. Laws of 1989, ch. 317, § 3. State v. Hodgson, 108 Wash.2d 662, 668, 740 P.2d 848 (1987), sets forth the rule which determines which period is applicable:
where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the effective date of the act, so that a prosecution may be commenced at any time within the newly established limitation period although the original period of limitation had by then expired.
Thompson admits to having committed the offense charged under Count III from January 1, 1985 through December 31, 1986. State's Answer, App. B, Am. Information at 2. Under former RCW 9A.04.080 the limitation period would have expired on December 31, 1993. The effective date for the new limitation period for offenses committed under former RCW 9A.44.070 was May 11, 1989. Laws of 1989, ch. 317, § 4. Prosecution of Thompson's Count III offense would not have been barred at the effective date of the act; therefore, the newly established limitation period may be applied to Petitioner's offense even though the original limitation period may have expired. The new limitation period allows the prosecution of an offense under former RCW 9A.44.070 within three years of the victim's eighteenth birthday. RCW 9A.04.080(1)(c). Thompson's victim was born on June 4, 1974 and would have turned eighteen on June 4, 1992; *388 prosecution would be barred after June 4, 1995. State's Answer, App. B, Am. Information at 2. The amended information was filed on June 30, 1994 and the original information even earlier, so Count III was charged within the limitation period for an offense under former RCW 9A.44.070. Id., Am. Information at 3; Index at 1. The statute of limitation would not prevent the State from prosecuting Thompson because of the reason advanced by Petitioner.
Both Thompson and the State assume without raising the issue that the statute of limitation for Thompson's Count III offense under a first degree statutory rape charge (former RCW 9A.44.070) would be tolled once the information against him was filed even though the information charged him with rape of a child in the first degree (RCW 9A.44.073) and not statutory rape. State's Answer, App. B, Am. Information at 1-2. Before we allow the State to recharge Thompson under the predecessor statute, we need to determine whether the statute of limitation tolls for a charge under former RCW 9A.44.070 as well as under RCW 9A.44.073. The relevant provision in the statute of limitation says:
If, before the end of a period of limitation prescribed in subsection (1) of this section, an indictment has been found or a complaint or an information has been filed, and the indictment, complaint, or information is set aside, then the period of limitation is extended by a period equal to the length of time from the finding or filing to the setting aside.
RCW 9A.04.080(3). This court has interpreted this provision broadly: "[S]tatutes of limitation usually do not bar recharging a defendant whose conviction has been reversed due to a defective charging document." City of Auburn v. Brooke, 119 Wash.2d 623, 639, 836 P.2d 212 (1992) (citing RCW 9A.04.080(3)). In Brooke this court stated that the charges dismissed as defective could be refiled against the defendants. Id. at 638-40, 836 P.2d 212. But in that case, presumably the court was contemplating the charging of the defendants with the same offenses charged in the defective document. On the other hand, one could argue that Thompson would be charged with an offense different from that in the original information because the elements of the offense and the name of the offense would be different. Thompson was charged under RCW 9A.44.073:
(1) A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim.
(2) Rape of a child in the first degree is a class A felony.
If he were to be recharged, it would have to be under former RCW 9A.44.070:
(1) A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old.
(2) Statutory rape in the first degree is a class A felony. No person convicted of statutory rape in the first degree shall be granted a deferred or suspended sentence except under RCW 9.94A.120(7).
We concluded above that the elements of the offenses are different enough that a person who pleaded guilty to an offense under one statute did not also knowingly plead guilty to an offense under the other. Yet the offenses are not different from the point of view of the statute of limitation. In our statute of limitation, "offenses" refers to acts which are subject to prosecution. The statute prohibits prosecution for offenses for various periods after they were committed. See, e.g., RCW 9A.04.080(1)(b) ("The following offenses shall not be prosecuted more than ten years after their commission[.]"). Thus in the statute of limitation, an "offense" is an act or conduct and not the statutory definition of an offense through the enumeration of its elements. We conclude that where, as provided in RCW 9A.04.080(3), a defective charging document has been set aside, RCW 9A.04.080 does not prohibit the prosecution of a person on a charge different from the original charge as long as both charges are for the same offense.
*389 We add the further requirement that this rule may be applied only if the charges in the superseding indictment do not broaden or substantially amend the original charges. United States v. Gengo, 808 F.2d 1, 3 (2d Cir.1986) (citing United States v. Grady, 544 F.2d 598, 601-02 (2d Cir.1976)). See also United States v. Elliott, 849 F.2d 554, 561 (11th Cir.1988); United States v. Pacheco, 912 F.2d 297, 305 (9th Cir.1990); United States v. Zvi 168 F.3d 49, 54 (2d Cir.1999); State v. Almeda, 211 Conn. 441, 447, 560 A.2d 389 (1989). In Gengo the amended conspiracy charge in the superseding indictment met this test because it rested on the same factual allegations as the first charge and required no preparation of new evidence or defenses on the part of the defendant. Gengo, 808 F.2d at 3-4. In Almeda, the factual allegations underlying the substitute information were identical to the facts underlying the original information. 211 Conn. at 447, 560 A.2d 389. Because the defendant was not called upon to answer for any activities that he had not been required to defend at his first trial on the original information, the court held that the substitute information was not time barred. Id. at 447-48, 560 A.2d 389.
Thompson himself described his offense thus, "In Kitsap County I had sexual intercourse with ML when she was under 12 years of age." State's Answer, App. B, Statement of Def. on Plea of Guilty at 3. If Thompson were charged with an offense under former RCW 9A.44.070 instead of under RCW 9A.44.073, his offense, that is, the act or conduct to be prosecuted, would be the same in the superseding charge as it was in the original charge. A charge under former RCW 9A.44.070 does not broaden or substantially amend a charge under RCW 9A.44.073 because it rests on the same factual allegations and requires no preparation of new evidence or defenses on Thompson's part. If Thompson were so charged, the statute of limitation, pursuant to RCW 9A.04.080(3), would be tolled during the period from the filing of the indictment to its being set aside. Thompson is subject to prosecution as long as prosecution is commenced within the period prescribed in the statute of limitation.

CONCLUSION
We vacate Thompson's conviction and dismiss Count III of the plea agreement. Such actions place the parties back in the position they were in before they entered into the agreement. The dismissal is without prejudice to the State's refiling the information. We remand this case to the trial court for actions consistent with this opinion.
SMITH, MADSEN, TALMADGE, IRELAND, and BRIDGE, JJ., concur.
ALEXANDER, J. (concurring in part, dissenting in part).
I entirely agree with the majority's resolution of the issues it denominates as issues 1 through 5. I disagree, though, with its resolution of issue 6 and, in particular, its determination that the dismissal of count III is "without prejudice to the State's refiling the information." Majority at 389. I, therefore, partially dissent. The reason I disagree with the majority's resolution of that issue is because it is not properly before us and has not been adequately addressed by the parties. In my view, we should not now decide if the State is barred by a statute of limitation from charging Thompson under former RCW 9A.44.070 with first-degree statutory rape. Should the State choose to charge Thompson with that offense and should Thompson raise a statute of limitation defense, a trial court judge would have to decide the issue. In that event, this court or the Court of Appeals might have to review the trial court's decision. Whether or not all of those things will happen is purely speculative. We should, therefore, resist the temptation to render an advisory opinion which has the effect of putting this court's imprimatur on a charge that has not and may never be leveled, much less passed on by any court.
JOHNSON and SANDERS, JJ., concur.