IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37684-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL NICHOLAS SMITH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Appellate counsel's identification of a fatal defect in a charging document and our Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), lead the State to concede that Michael Smith's convictions for offenses charged in September 2019 must be reversed. We reverse his convictions for unlawful possession of a controlled substance and a concealed pistol violation, with directions to dismiss the former with prejudice and the latter without prejudice.

FACTS AND PROCEDURAL BACKGROUND

Shortly after 10:00 p.m. on a night in early March 2019, Michael Smith failed to signal a turn while driving along rural roads in Pend Oreille County. Sheriff's Deputy Morgan Johnson initiated a traffic stop and Mr. Smith immediately pulled over.

Deputy Johnson made contact with Mr. Smith and asked for his license, registration, and proof of insurance. As Mr. Smith reached toward his glove box, the deputy noticed a black bag on the driver's side floorboard under Mr. Smith's legs. The bag was approximately 4 inches wide, 6 inches tall, and 8 to 10 inches long, according to Deputy Johnson, and it looked to him like a toiletry bag. When the deputy asked, "What's in the bag?," Mr. Smith replied, "It's just tools." Report of Proceedings (RP) at 39. This did not make sense to the deputy, given the bag's appearance and location, and he was concerned that it might contain a weapon.

The deputy asked if Mr. Smith would be willing to show him that there were just tools in the bag; in response, Mr. Smith reached down for the bag and repeated, "It's just my tools." RP at 44. As he unzipped the bag, Mr. Smith added, "There is a CO2 BB gun in there," and Deputy Johnson could see the handle of a firearm. Clerk's Papers (CP) at 114. Deputy Johnson ordered Mr. Smith out of the car and detained him for a possible concealed pistol violation. Once detained, Mr. Smith told Deputy Johnson that the bag

also contained a .45 pistol.  Mr. Smith did not have a concealed pistol license.  Mr. Smith

waived his *Miranda*[1] rights and told Deputy Johnson there was also methamphetamine in

the bag.

Deputy Johnson impounded the vehicle while applying for a search warrant.  On

executing the warrant, Deputy Johnson found within the bag a .45 pistol and a white

substance that was later confirmed by the Washington State Crime Lab to be

methamphetamine.  Mr. Smith was charged with unlawful possession of a controlled

substance and a concealed pistol license violation.

The information's charge of the concealed pistol violation read in relevant part:

> On or about the 1st day of March, 2019, in the County of Pend
> Oreille, State of Washington, the above-named Defendant did carry or
> place a loaded pistol in a vehicle and *did have a license* to carry a concealed
> pistol.

CP at 2 (emphasis added).  The State concedes that the charging language intended was

"did *not* have a license" to carry a concealed pistol.  Resp't's Opening Br. at 4.

Before trial, Mr. Smith moved under CrR 3.6 to suppress evidence found in the

black bag, arguing that Deputy Johnson exceeded the reasonable scope of a traffic stop

when he asked about the bag.  He contended that the deputy's ostensible concern for

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

No. 37684-2-III
*State v. Smith*

officer safety was unjustified. The trial court denied the motion to suppress, concluding that an officer does not exceed the scope of a traffic stop by asking about weapons in the vehicle. Alternatively, if the deputy's questions did exceed the scope of a traffic stop, the court concluded that consent and the officer safety exception applied.

Mr. Smith waived his right to a jury trial and was found guilty of both charges in a stipulated facts bench trial. The trial court imposed 30 days in jail, 15 days of which it converted to community service, and it stayed execution of the judgment pending appeal. After sentencing and filing of the notice of appeal, our Supreme Court decided *Blake*.

ANALYSIS

I.   MR. SMITH'S CONCEALED PISTOL VIOLATION CONVICTION MUST BE REVERSED AND THE CHARGE DISMISSED WITHOUT PREJUDICE

Appellate counsel's first assignment of error is to the erroneous "did have a license" language in the State's charge of a concealed pistol violation under RCW 9.41.050(2)(a). As relevant here, the elements of the crime are that Mr. Smith carried a pistol in a vehicle in the State of Washington, the pistol was loaded, and Mr. Smith did *not* have a license to carry a concealed pistol. *See id*; *see* 11A WASHINGTON PRACTICE: PATTERN JURY INSTRUCTIONS: CRIMINAL 133.05.01, at 718 (5th ed. 2021).

4

In a criminal prosecution, the information must include all essential elements of the crime to be constitutionally sufficient. *State v. Pry*, 194 Wn.2d 745, 751, 452 P.3d 536 (2019). This is required because the accused person has a constitutional right to know the charges against them. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22.

A challenge to the sufficiency of a charging document may be raised for the first time on appeal. *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991). When a charging document is challenged for the first time on appeal, however, we construe it liberally. *Pry*, 194 Wn.2d at 752. The standard of review for this liberal construction, which was adopted in *Kjorsvik*, asks:

> (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so,
>
> (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

117 Wn.2d at 105-06. If a charging document is determined to be constitutionally defective, "[t]he proper remedy . . . is dismissal without prejudice to the State refiling the information." *State v. Simon*, 120 Wn.2d 196, 199, 840 P.2d 172 (1992); *see also Montana v. Hall*, 481 U.S. 400, 404, 107 S. Ct. 1825, 95 L. Ed. 2d 354 (1987) ("It is clear that the Constitution permits retrial after a conviction is reversed because of a defect in the charging instrument.").

5

The parties agree that in light of the charging language challenged in this case—"the above-named Defendant . . . did have a license to carry a concealed pistol"—the information fails the first prong of the *Kjorsvik* test, because the necessary fact of *not* having a license cannot be found in the charging document. The conviction must be reversed and the trial court directed to dismiss the charge without prejudice.

II.    MR. SMITH'S UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE CONVICTION
       MUST BE REVERSED AND THE CHARGE DISMISSED WITH PREJUDICE

Mr. Smith assigns error supplementally to his conviction for unlawful possession of a controlled substance.

After Mr. Smith's March 2020 sentencing, the Washington Supreme Court decided *Blake*, in which it held that former RCW 69.50.4013 (2017), which criminalized even unintentional and unknowing possession of a controlled substance, violated state and federal due process clauses, and was therefore unconstitutional. 197 Wn.2d at 183-86. "If a statute is unconstitutional, it is and has always been a legal nullity." *State ex rel. Evans v. Brotherhood of Friends*, 41 Wn.2d 133, 143, 247 P.2d 787 (1952). Mr. Smith requests reversal of his conviction and dismissal of the charge with prejudice. The State concedes that reversal and dismissal with prejudice are required.

In light of the dismissal of the controlled substance charge with prejudice and our decision that Mr. Smith is entitled to relief on his first assignment of error (the

6

No. 37684-2-III
*State v. Smith*

insufficient charging document), we do not reach his second assignment of error (challenge to the suppression decision).

We reverse Mr. Smith's convictions for unlawful possession of a controlled substance and a concealed pistol violation with directions to dismiss the former with prejudice and the latter without prejudice.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Lawrence-Berrey, J.

7