## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59930-9-II |
| Respondent, | |
| v. | |
| SHAWN MICHAEL CASEY, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Shawn M. Casey appeals his convictions for two counts of second degree possession of stolen property.  Casey argues that the State's information was deficient because, by not explicitly alleging that Casey knew that the property was stolen, it did not contain all the essential elements of the crime.

We disagree and affirm.

### FACTS

In June 2020, a Walmart employee observed Casey shoplift some clothing.  As Casey was exiting the store, the employee confronted Casey, detained him, and contacted law enforcement. Law enforcement arrested Casey and found that Casey possessed several debit cards belonging to different individuals.  Two of the debit cards belonged to individuals who did not know Casey.

Following its investigation, the State charged Casey with one count of second degree burglary and two counts of second degree possession of stolen property.  With respect to the second degree possession of stolen property charges, the information stated in relevant part,

> That SHAWN MICHAEL CASEY, in the State of Washington, on or about the 20th day of June, 2020, did *unlawfully, feloniously, and knowingly possess* a stolen access device, to-wit: a debit card, issued to [victim], and withheld or appropriated said access device to the use of any person other than the true owner or person entitled thereto, contrary to RCW 9A.56.140(1) and 9A.56.160(1)(c), and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 4 (emphasis added). Casey did not object to the form of the information.

Prior to trial, Casey was accepted into a drug court program. Casey agreed, as part of his acceptance into drug court, that if he violated the program's rules and conditions, his case would proceed to a stipulated-facts bench trial—meaning that Casey would stipulate to the admission of the police and lab reports and that the evidence would be sufficient to support a finding of guilt. Shortly after his admission into the program, Casey failed to appear, and a bench warrant was issued for his arrest.

Approximately two years later, Casey was arrested on the bench warrant. As a result, Casey was terminated from drug court and his case proceeded to the stipulated-facts bench trial. After reviewing the proposed findings of fact with his attorney, Casey informed the trial court that he agreed with them. Casey further stipulated that he "did not have permission to possess [the victims'] debit card[s]." CP at 20.

The trial court found Casey guilty as charged and entered written findings of fact and conclusions of law. At sentencing, the trial court sentenced Casey to 68 months of confinement.

Casey appeals.[1]

---

[1] Casey solely appeals his two convictions for second degree possession of stolen property. He does not appeal his second degree burglary conviction.

ANALYSIS

Casey argues that the information charging him with the two counts of second degree possession of stolen property was constitutionally deficient because it omitted an essential element of the offense. We disagree.

Under the Sixth Amendment of the United States Constitution and article I, section 22 of the Washington Constitution, charging documents must include all of the essential elements of the charged crime. *State v. Pry*, 194 Wn.2d 745, 751, 452 P.3d 536 (2019). " 'An essential element is one whose specification is necessary to establish the very illegality of the behavior charged.' " *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013) (internal quotation marks omitted) (quoting *State v. Ward*, 148 Wn.2d 803, 811, 64 P.3d 640 (2003)). The purpose of including all essential elements in the charging documents is to inform the defendant of the nature of the alleged crime that they " 'must be prepared to defend against.' " *Id.* at 159 (quoting *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991)).

When a defendant challenges the sufficiency of the charging document at or before his trial, we construe its language strictly. *State v. Phillips*, 98 Wn. App. 936, 940, 991 P.2d 1195 (2000). But if the defendant challenges the charging document for the first time on appeal, we construe it liberally in favor of validity. *Zillyette*, 178 Wn.2d at 161. In liberally construing the charging document, we use the two-prong standard developed in *Kjorsvik*. 117 Wn.2d at 105-106. Under this standard, we determine (1) whether the necessary elements appear in any form, or by fair construction, on the face of the document and, if so, (2) whether the defendant can still show prejudice from the inartful language. *Id.* Under this standard, the appellate court has "considerable

leeway to imply the necessary allegations from the language of the charging document." *Id.* at 104.

Second degree possession of stolen property includes a knowledge component that is an essential element of the crime. *State v. Porter*, 186 Wn.2d 85, 93, 375 P.3d 664 (2016). The statute states in relevant part that a person is guilty of "possessing stolen property" in the second degree if the person "possesses a stolen access device." RCW 9A.56.160(1)(c). " 'Possessing stolen property' " means "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." RCW 9A.56.140(1).

The type of knowledge required for a possession of stolen property conviction has two aspects. *See* RCW 9A.56.140(1); 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 77.06 (5th ed. 2019) (WPIC). The defendant must (1) knowingly possess stolen property and (2) act with knowledge that the property was stolen. *See* RCW 9A.56.140(1). Thus, as relevant here, Casey must have knowingly possessed a stolen debit card *and* known that the debit card was stolen. *See* RCW 9A.56.140(1), .160(1)(c); WPIC 77.06.

Casey argues that the information violated his constitutional rights because it did not expressly allege that he knew the debit cards were stolen. According to Casey, although the information stated that Casey did " 'unlawfully, feloniously[,] and knowingly' possessed a stolen access device," it is not apparent from the information that the State alleged that Casey knew that the property was stolen. Br. of Appellant at 3. The State responds that when viewing the information in a common sense manner, the necessary element of knowledge appears in the information. We agree with the State.

4

Because Casey is challenging the sufficiency of the information for the first time on appeal, we liberally construe the information in favor of validity with the use of *Kjorsvik*'s two-pronged standard of review. 117 Wn.2d at 105-106. We begin with the first prong and ask whether the necessary element (knowledge that the property was stolen) appears in any form, or by fair construction, on the face of the charging document. *Id.* The information must be read as a whole and in a common sense manner. *Id.* at 110-11.

Again, Casey's information alleged that he "unlawfully, feloniously, and *knowingly* possess[ed] a stolen access device" for each count. CP at 4 (emphasis added). Casey is correct that the information did not explicitly tie Casey's knowledge to specifically knowing the debit cards were stolen. It stands to reason that a better drafted information would have clarified any ambiguity and alleged both that Casey knowingly possessed stolen property *and* that he knew that the property was stolen.

Nevertheless, under a liberal construction, the allegation that Casey knew that the property was stolen, can be fairly implied from the information's sentence structure. *See State v. Simon*, 120 Wn.2d 196, 199, 840 P.2d 172 (1992) (demonstrating that sentence structure is relevant to whether a charging document conveys the essential elements of the charged crime). In *Simon*, our Supreme Court considered an information that charged the defendant with first degree prostitution, a crime that requires that the defendant know the victim is under the age of 18. *Id.* at 197-98. The information provided that the defendant

> did knowingly advance and profit by compelling [the victim] by threat and force to engage in prostitution; and did advance and profit from the prostitution of [the victim], a person who was less than 18 years old; . . .

5

*Id.* When the defendant challenged the sufficiency of the information for the first time on appeal, our Supreme Court agreed that it was deficient. *Id.* at 199. The court concluded that based on sentence structure and punctuation rules, no one of common understanding reading the information would understand that the defendant's knowledge of the victim's age was an element of the charged crime. *Id.* Yet, the court implied that the information would not be defective if the concept of the defendant's knowledge had been repeated at the beginning of the second clause of the information. *See id.*; *State v. Tunney*, 129 Wn.2d 336, 341-42, 917 P.2d 95 (1996) (further explaining its previous decision in *Simon*). In other words, if the *Simon* information had instead provided that the defendant,

> did knowingly advance and profit by compelling [the victim] by threat and force to engage in prostitution; and did *knowingly* advance and profit from the prostitution of [the victim], a person who was less than 18 years old; . . .

then a person of common understanding would have tied the knowledge element to the age of the victim. *See Tunney*, 129 Wn.2d at 341-42.

Our Supreme Court's decision in *Simon* (as clarified in *Tunney*) suggests the correct resolution here. *See* 120 Wn.2d at 199. Unlike in *Simon*, the relevant portion of Casey's information is not separated into two separate clauses with "knowingly" absent in one clause. *See id.* at 197-98. Instead, the information contained a single clause that alleged that he "unlawfully, feloniously, and *knowingly* possess[ed] a stolen access device." CP at 4 (emphasis added). Although knowingly appears immediately before the word "possess," given the close proximity between "knowingly" and "stolen access device," a person of common understanding reading the charging document would understand that knowledge that the property was stolen was an element of second degree possession of stolen property. CP at 4.

6

In fact, demanding that "knowingly" be repeated again in front of "access device" would be akin to if *Simon* had required that the concept of "knowingly" be repeated immediately in front of the age of the victim. In such a case, the *Simon* language would have been required to be,

> and did *knowingly* advance and profit . . . from the prostitution of [the victim], a person *who the defendant knew* was less than 18 years old; . . .

*See* 120 Wn.2d at 197-98. But, according to *Tunney*, this double-repetition *is not* what would have been required to fix the defect in *Simon*, at least when the language is construed liberally in favor of validity. *See* 129 Wn.2d at 341-42. It would have been enough if, like here, the concept of "knowingly" appeared once at the beginning of the clause. *See id.*

Further support for the sufficiency of this information comes from the particular facts of this case. When assessing an information, we may infer the requisite mental state when the alleged facts would be hard to accomplish without the defendant holding the required mental state. *State v. Level*, 19 Wn. App. 2d 56, 61-62, 493 P.3d 1230 (2021). Here, as a practical matter, it is difficult to imagine a set of circumstances in which Casey could have "unlawfully, feloniously, and knowingly" possessed the debit cards without also knowing they were stolen. CP at 4.

Accordingly, we conclude that even though Casey's information may have been in a "vague or inartful" form, it nevertheless sufficiently informed Casey of all the essential elements of second degree possession of stolen property. *Kjorsvik*, 117 Wn.2d at 111.

Having concluded the information's reference to Casey's knowledge of stolen property was sufficient, we move briefly to the second prong—whether Casey can show prejudice from the arguable vagueness of the information. *Id.* at 106, 111. Casey has not attempted to show any prejudice. Indeed, Casey presented no defense and stipulated that he did not have permission to

7

possess the debit cards of either victim. Under these facts, Casey cannot demonstrate that the information's form impacted the verdict. Thus, Casey cannot show prejudice under the second prong of the *Kjorsvik* standard.

## CONCLUSION

Under a liberal construction, the information sufficiently charged the essential elements of the crime of second degree possession of stolen property. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, C.J.

CHE, J.