THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUTH CLAIRBORNE, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered September 18, 1970, convicting her, upon her plea of guilty, of falsely reporting an incident and criminal solicitation in

the third degree, and sentencing her to a term of three months in the Orange County Jail. Judgment modified on the law, by reversing the conviction for criminal solicitation in the third degree and dismissing the count upon which this conviction was based. As so modified, judgment affirmed. Defendant was tried under two indictments, one charging perjury, the other charging her with falsely reporting an incident, a misdemeanor (Penal Law, § 240.50) and criminal solicitation in the third degree, a violation (Penal Law, § 100.00). At the end of defendant's case, the Trial Term dismissed the perjury indictment and accepted the defendant's guilty plea to both counts of the other indictment. Defendant appealed from the judgment of conviction and this court held in a 4-1 opinion (36 A D 2d 500, 501) that "The Trial Term should have rejected the guilty plea to the crime of falsely reporting an incident, since the undisputed evidence clearly indicated that the defendant had not committed an act which constituted this crime (cf. *People* v. *Seaton,* 19 N Y 2d 404; *People* v. *Serrano,* 15 N Y 2d 304)". We also held that defendant's indictment by the Grand Jury for the violation of criminal solicitation in the third degree could not stand. "The Grand Jury has no authority to return an indictment for a violation as distinguished from a crime (*People* v. *Du Pont,* 28 A D 2d 1135)". On January 14, 1972 the Court of Appeals reversed the order of this court and remitted the case "for consideration of questions other than questions of law" (*People* v. *Clairborne,* 29 N Y 2d 950, 951). That court said: "Order reversed and the case remitted to the Appellate Division for consideration of questions other than questions of law (Code Crim. Pro., § 543-b; CPL 470.40, subd. 2, par. [b]). The offer of a plea was based on the understanding that the perjury indictment would be dismissed. A bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed (*People* v. *Lynn,* 28 N Y 2d 196, 201-202; *People* v. *Foster,* 19 N Y 2d 150, 154; *People* v. *Griffin,* 7 N Y 2d 511, 515-516)." Consistent with the views expressed by the Court of Appeals, the defendant's conviction for the crime of falsely reporting an incident must be affirmed since a factual basis for this confessed crime was not necessary. Rabin, P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.