# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                         )    No. 71418-0-I
           Respondent, )
                         )    DIVISION ONE
    v.                        )
                         )    UNPUBLISHED OPINION
                         )
JOHN EDWARD BETTYS, )
                         )
           Appellant. )    FILED: January 20, 2015

TRICKEY, J. — Sentences may be modified under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, in specific, carefully delineated circumstances. Here, such circumstances were present. The trial court's intent in imposing the defendant's sentence was to ensure that the defendant received the requisite counseling services during his confinement. The trial court merely granted the State an additional month to enable the State to commence treatment. Because the defendant was provided with those services, he was not entitled to early release. We affirm.

## FACTS

In 2011, John Bettys was convicted by a jury of first degree child molestation and sentenced to life without parole.[1] In 2013, this court reversed his conviction based on the improper admission of evidence of a prior sex offense.[2]

On remand, Bettys pleaded guilty to third degree child molestation entering an Alford plea. North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162

---

[1] Skagit County Superior Court No. 10-1-00159-9.
[2] State v. Bettys, noted at 174 Wn. App. 1002 (2013).

(1970). Because Bettys had a previous conviction for a sexual offense and an offender score of 9 plus, he was sentenced to the statutory maximum of 60 months. The court imposed an exceptional indeterminate sentence under former RCW 9.94A.712, setting both the maximum and minimum terms at 60 months, the statutory maximum. The sentence required the Department of Corrections (DOC) to provide sex offender treatment to commence by January 1, 2014, or release Bettys to the community to obtain sex offender treatment while still under the supervision of the DOC.

In December 2013, the court learned that the imposed date of January 1, 2014 was not feasible because nothing could be undertaken until the parole board met on January 15, 2014. The trial court modified its judgment and sentence, extending the date to provide treatment from January 1, 2014, to February 1, 2014.

At a review hearing held on February 5, 2014, Bettys moved the court to reconsider its order extending the treatment date until February 1, 2014. At that time, Bettys was enrolled in the sex offender program.

Bettys appeals, contending that the trial court had no authority to modify the sentence. Bettys also appeals his guilty plea contending there was an insufficient factual basis and that the court incorrectly included a juvenile offense in his offender score.

## ANALYSIS

Bettys contends the trial court erred in modifying his original sentence by extending the timeframe within which the DOC had to begin sex offender treatment from January 1, 2014, to February 1, 2014. Bettys argues the court lacked authority to reconsider or modify the original sentence.

In support of his argument, Bettys relies on State v. Shove, 113 Wn.2d 83, 776 P.2d 132 (1989). In Shove, the court reversed a postjudgment sentencing modification because there was no specific statutory authority for the modification. Shove is distinguishable because the court modified the sentence based on changes in the defendant's situation that had occurred since the entry of judgment. Even in Shove, our Supreme Court recognized that final judgments in both criminal and civil cases may be faceted or altered whenever "the interests of justice most urgently require." Shove, 113 Wn.2d at 88; see also State v. Hardesty, 129 Wn.2d 303, 315, 915 P.2d 1080 (1996) ("A court has jurisdiction to amend a judgment to correct an erroneous sentence, where justice requires, under CrR 7.8.").

This case is more similar to State v. Smith, 159 Wn. App. 694, 247 P.3d 775 (2011). There, the court held that the elimination of the partial confinement programs was an extraordinary circumstance that warranted modification of the sentence. Here, as in Smith, the circumstances could not have been envisioned at the time of sentencing.

Further, the trial court was amending the judgment to accomplish exactly what was meant when the sentence was imposed—to obtain treatment for Bettys while still under the supervision of DOC. This was not a modification of a judgment because of changed circumstances. Rather, the extension of one month within which to provide treatment accomplished exactly what the court wanted in imposing the sentence.

Guilty Plea

Bettys next contends he is entitled to withdraw his plea to third degree child molestation because there is no factual basis establishing the "sexual contact" element of the charge.

The guilty plea contained Bettys' statement:

11.    The judge has asked me to state what I did in my own words that makes me guilty of this crime.  This is my statement:

This guilty plea is made pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); State v. Newton, 87 Wn.2d 363, 552 P.2d 682 (1976), State v. Zhao, 157 Wn.2d 188, 193, 137 P.3d 835, 837 (2006) and In Re Pers. Restraint of Barr, 102 Wn.2d 265, 684 P.2d 712 (1984).  Pursuant to this case law, I agree there is a factual basis for the plea to a more serious charge based upon the reading of the declaration for determination of probable cause filed with the court February 19, 2010.  I know and understand the evidence that could be used to attempt to convict me on the originally charged offenses (having reviewed the discovery and heard testimony in a prior trial), the elements of the originally charged offense, the elements of the amended charge, that the evidence did not support the amended charge and, that the sanctions or consequences of the amended charges were less onerous to him than the sanctions or consequences of the original charge.  With all of this in mind, I make an informed, knowing and intelligent choice to freely and voluntarily enter a plea of guilty to the amended charge.

[XX] Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea and for the factual basis for the greater offenses.[3]

The statement of probable cause noted that the child stated that he was touched twice in the groin area by Bettys and was told not to tell anyone.  The statement provided sufficient evidence for the court to believe that a jury could find Bettys guilty of first degree child molestation.

---

[3] Clerk's Papers at 124.

Furthermore, at the time Bettys pleaded guilty, he agreed that the facts submitted would be sufficient to find him guilty:

> THE COURT: To me that means you're not admitting having committed this particular offense, but you do believe if you went to trial you could be found guilty of this or even a more serious charge and a more serious penalty, and based on the circumstances you want to take advantage of the prosecutor's offer; is all of that correct?
>
> MR. BETTYS: That is correct, Your honor.[4]

The court then found that the reports filed in the case and the court's prior knowledge of having conducted the jury trial in this case was sufficient to find a factual basis to find Bettys guilty.

Finally, Bettys contends that the trial court incorrectly included a washed-out conviction in calculating his offender score. This claim is based on obsolete statutory provisions. Under the original SRA, juvenile convictions did not constitute "criminal history" for crimes committed after the defendant's 23rd birthday. Former RCW 9.94A.030(6) (1981) (LAWS OF 1981, ch. 137, § 3). This rule was abolished in 1997. Since then, the definition of "criminal history" has been the same for juvenile and adult convictions. LAWS OF 1997, ch. 338, § 2(12) (RCW 9.94A.030(11)).

The effect of these changes was clarified in 2002:

> A prior conviction that was not included in an offender score calculated pursuant to a former version of the sentencing reform act remains part of the defendant's criminal history.

LAWS OF 2002, ch. 107, § 2(13)(c) (RCW 9.94A.030(11)(c)). For crimes committed after the effective date of the 2002 amendment, the former rules for the "wash out" of juvenile convictions no longer apply. State v. Varga, 151 Wn.2d 179, 193-95, 86 P.3d 139 (2004).

---

[4] Report of Proceedings (Sept. 26, 2013) at 10.

Furthermore, Bettys agreed to the offender score at the time of his guilty plea and is precluded from contesting that scoring now.

Affirmed.

Trickey, J

WE CONCUR:

Cox, J.