Korsmo, J.
¶22 (concurring) — I agree that this matter should be remanded for a new hearing on the petition to seal the record of the juvenile adjudication. However, I disagree with the majority’s construction of the statute and suggest a different basis for reaching the same result. The legislature has categorically excluded indecent liberties by forcible compulsion from the juvenile sealing statute.
¶23 My disagreement starts with the word "actually.” While clarity of intent would have been better served by using a different word, there is no significant issue presented in this circumstance by the novel word choice. As the majority notes, the legislature has varyingly described the crime of indecent liberties “by/with/if committed by” forcible compulsion. For some reason, the majority has no difficulty determining that all three of those iterations mean the same thing, but finds that the language used in the sealing statute (“actually committed with forcible compulsion”) must mean something different. I disagree. If the use of different language means a different legislative intent, then all of those first three iterations must likewise mean something different. However, the majority correctly discerns that they mean the same thing. That should likewise be the case for indecent liberties “actually committed by” forcible compulsion. It is just another description for the one offense defined by the legislature.
¶24 Indecent liberties can be committed in six different manners, five of which are class B felonies. RCW 9A.44-.100(1), (2)(a). Those five offenses all involve victim vulnerability or a specified offender-victim relationship. RCW 9A.44.100(l)(b)-(f). The legislature has declared the crime of indecent liberties “by forcible compulsion” to be a class A felony. RCW 9A.44.100(l)(a), (2)(b). This is the one version *135 of indecent liberties focused solely on the offender’s conduct. The majority duly notes that the legislature has defined “forcible compulsion” in terms of “physical force” or threatened use of force. RCW 9A.44.010(6). As the majority’s excellent exposition of the legislative history reveals, the legislature intended to exempt from the sealing statute the three necessarily violent sex offenses—first and second degree rape, and indecent liberties involving forcible compulsion. It did not intend for trial courts (or appellate courts) to attempt to reconstruct the factual basis for an old indecent liberties adjudication. The words “actually committed by” simply specified which of the six versions of indecent liberties the legislature intended not be subject to a sealing order. The phrase is not any different from the “if committed by” language used in the definitional statutes cited by the majority. RCW 9.41.010(3)(a) (defining “crime of violence”); former RCW 9.94A.030(54)(a)(v) (2012) (defining “violent offense” for the Sentencing Reform Act of 1981). It simply described which alternative method of committing the crime was exempted from the sealing statute.
¶25 Accordingly, J.C.’s argument fails on the language of the sealing statute. It also fails under the definition of the crime of indent liberties “by” forcible compulsion. RCW 9A.44.100(l)(a). By definition, it simply is not legally or logically possible to commit indent liberties by forcible compulsion without using forcible compulsion. Id.; RCW 9A.44.010(6). Thus, indecent liberties “actually committed by forcible compulsion” will always exist whenever a youth has been adjudicated to have committed indecent liberties by forcible compulsion. With the rare exception exemplified by this case, the majority approach dooms trial judges to a pointless review of a record to confirm exactly what the original trial court had to consider in the first instance— whether there was a factual basis to find that the offender committed indecent liberties. It is essentially an untimely collateral attack on the evidence supporting the original adjudication, even when, as here, the offender eschews such *136 a challenge. There is absolutely nothing in the history to suggest that the legislature intended trial judges engage in this wild goose chase.[9] Accordingly, I disagree with the majority’s construction of the sealing statute. It is a strained reading of otherwise clear language.
|26 Nonetheless, I agree that on these unusual facts, the matter should be remanded for another hearing. I would get there by focusing on the nature of the guilty plea itself. I agree with the majority that this case was treated as a Barr plea. In re Pers. Restraint of Barr, 102 Wn.2d 265, 684 P.2d 712 (1984). There was a factual basis for the charged greater offense of first degree child molestation, thus providing a fictional basis for accepting the plea to the somewhat[10] lesser offense of indecent liberties by forcible compulsion.
¶27 The legislature intended that the sealing statute would apply to juveniles who committed first degree child molestation. J.C. having committed this greater offense, rather than the fictional one to which he entered a guilty plea, I would allow the trial court to enter a sealing order because it was the legislature’s intent that this fact pattern be subject to sealing. Thus, I would permit Barr pleas to be subject to sealing when the charged greater offense was subject to sealing.[11]
*137 ¶28 Since I believe a new hearing is appropriate, I concur in the majority’s disposition of the case despite my disagreement with the majority’s construction of the statute.

 This approach also effectively reverses the burden of proof in this motion. As a proponent of sealing, J.C. is required to establish that he acted without physical force, so he has no interest in setting forth any evidence contradicting that burden. The State would need to show use of physical force to defeat the motion.

 First degree child molestation is classified as an A- felony under the Juvenile Justice Act of 1977, while indecent liberties by forcible compulsion is classified as a B+ felony. ROW 13.40.0357. For someone with no previous adjudications, as in J.C.’s case, the difference had no sentencing consequences, although there would have been a difference in outcome if there had been prior offenses. See id.

 I would permit this approach only when the Barr plea fiction was followed and would not allow sealing just because the record would have permitted the filing of a different charge subject to sealing. For example, an offender adjudicated to have committed first or second degree rape of a youthful victim would not be allowed to argue for sealing on the basis that the prosecutor could have instead charged first or second degree child rape, offenses for which sealing is possible.