# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52941-6-II |
| Respondent, | |
| v. | |
| COLEMAN JOSEPH NEESER, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Coleman Joseph Neeser appeals from his guilty plea conviction for second degree assault and the trial court's denial of his motion to withdraw his guilty plea.  Neeser argues that the trial court erred when it accepted his guilty plea without adequately determining that he understood the nature of the charge to which he was pleading guilty and that the trial court erred in denying his motion to withdraw the guilty plea on the same basis.  Neeser further argues that we should strike the criminal filing fee and the legal financial obligation (LFO) interest provision imposed by the trial court under the 2018 legislative amendments to the LFO statutes[1] and *State v. Ramirez*, 191 Wn.2d 732, 747-49, 426 P.3d 714 (2018).  Neeser also raises numerous claims in a statement of additional grounds for review (SAG).[2]

---

[1] Laws of 2018, ch. 269 §§ 1, 17.

[2] RAP 10.10.

Because Neeser fails to show that he did not understand the nature of his charge, we hold that Neeser's guilty plea was valid and that the trial court did not abuse its discretion when it denied Neeser's motion to withdraw his guilty plea. We further hold that Neeser's SAG issues either fail or we cannot reach the alleged issues because they are outside the appellate record. We accept the State's concession that this matter should be remanded for the court to strike the criminal filing fee and the LFO interest provision. Accordingly, we affirm Neeser's conviction and the trial court's denial of his motion to withdraw his guilty plea, but we remand to the sentencing court to strike the criminal filing fee and interest accrual provision from Neeser's judgment and sentence.

FACTS

I. ARREST AND COMPETENCY RESTORATION

On June 19, 2016, Neeser entered a neighbor's property and pointed a shotgun at his neighbor. The next day, the State charged Neeser with second degree assault with a firearm sentencing enhancement.

Between June 20, 2016 and January 2017, Neeser underwent a series of competency evaluations.[3] Three of the four psychologists who examined Neeser during this period of time noted that he expressed the belief that he could only be charged with assault if he had committed an actual battery and, thus, there were no legitimate charges against him. The evaluators noted that this belief persisted despite Neeser's counsel's repeated attempts to correct this belief.

On May 9, 2017, psychologist Johnathan Sharrette, Ph.D., issued a forensic mental health report concluding that Neeser was finally competent to stand trial. Dr. Sharrette stated that Neeser

---

[3] Although our record contains the competency evaluations, it does not contain any transcripts of the related hearings.

had improved once he was involuntarily medicated and that Neeser's current counsel had been able to successfully explain to Neeser that there was no actual battery component to the charge. Dr. Sharrette warned, however, that if Neeser were to stop taking his medications, he would quickly decompensate and his delusional beliefs would return. On May 10, the trial court found Neeser competent to stand trial.

## II. PLEA

The State offered to allow Neeser to enter an *Alford/Newton/Barr*[4] plea to second degree assault with the firearm enhancement and to set over the sentencing to allow Neeser to demonstrate that he could comply with treatment and release conditions. The State agreed that if Neeser successfully complied with his conditions, Neeser would be allowed to withdraw his original plea and enter a plea to an amended charge of second degree assault with no firearm enhancement. If Neeser failed to comply, the State would seek a standard range sentence.

On June 21, 2017, Neeser accepted the plea offer. In his plea statement, Neeser stated that he had reviewed the charging information, which included the elements of the offense, with his counsel. In lieu of a statement, Neeser agreed that the trial court could rely on the police reports and statement of probable cause to establish a factual basis for the plea.

At the change of plea hearing, defense counsel advised the trial court that he had reviewed the charging document and the elements of the charge with Neeser. The trial court then engaged in a plea colloquy with Neeser. During this colloquy, Neeser confirmed that he had reviewed the

---

[4] An *Alford/Newton/Barr* plea allows a defendant to plead guilty in order to take advantage of a plea bargain even if he or she is unable or unwilling to admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v. Newton*, 87 Wn.2d 363, 372, 552 P.2d 682 (1976); *In re Personal Restraint of Barr*, 102 Wn.2d 265, 269-70, 684 P.2d 712 (1984).

plea agreement with his counsel, that counsel had answered all of his questions about the plea, and that he (Neeser) did not have any additional questions for the court or for counsel. The trial court then asked Neeser if he was "aware of the elements of [the] charge," and Neeser confirmed that he was. Report of Proceedings (RP) (June 21, 2017) at 5. The trial court explained that the standard range sentence was 3 to 9 month plus 36 months firearms enhancement and community custody of 18 months with a maximum term of 10 years and a fine of $20,000. Neeser confirmed that he may be subject to any sentence in that range if he violated the terms of the plea.

The trial court found that the plea was knowing, intelligent, and voluntary and accepted the plea. It also found a factual basis for the plea based on the statement of probable cause and set the date for the sentencing hearing for September 21.

### III. DELAYED SENTENCING AND MOTION TO WITHDRAW GUILTY PLEA

The scheduled September 21, 2017 sentencing hearing was reset to January 30, 2018.[5] When Neeser failed to appear for the January 30 hearing, the trial court issued a series of bench warrants for Neeser's arrest due to his failures to appear. The sentencing hearing was eventually rescheduled for September 20, 2018.

At the start of the September 20 sentencing hearing, defense counsel advised the trial court that Neeser wanted to move to withdraw his guilty plea. Defense counsel stated that the basis of the motion was that Neeser believed that his current and previously assigned counsel had made "misrepresentations." RP (Sept. 20, 2018) at 12. Defense counsel confirmed that the allegations in the motion to withdraw the plea created an irreconcilable conflict with his previously assigned

---

[5] The reason that the original sentencing hearing was reset is not apparent in the appellate record.

counsel. The trial court allowed defense counsel to withdraw and ordered new counsel to be appointed. The trial court set a September 28 hearing to consider the motion to withdraw the plea.

On September 28, the trial court set over the hearing to October 12. Neeser objected to resetting the hearing, arguing that he should have been released because he had inadequate representation, that there had been no need for the competency evaluations because he was fully competent, and that his charges were improper because he never had any conflict with anyone and had never touched anyone. At the State's request, the trial court continued the case until October 12. At the October 12 hearing, the trial court continued the hearing again at Neeser's new counsel's request to allow counsel to file a written motion to withdraw the plea.

On November 8, Neeser's new counsel filed a motion to withdraw the guilty plea. In the motion and supporting affidavit, counsel stated that Neeser wanted to withdraw his plea and that Neeser was asking the trial court to dismiss the charge for insufficient evidence and/or speedy sentencing violations.[6]

The trial court considered the motion to withdraw the plea the next day. Counsel argued that Neeser wished to withdraw his guilty plea because (1) there was no factual basis for the plea since he had not pointed the gun at anyone and had not physically injured anyone, and (2) he was not adequately advised of the elements of the offense, his rights, or the possible consequences of his plea.

Neeser asked to testify. He stated that he had never provided any kind of "statement" about the case and that he had never been able to explain what had happened from his "point of view."

---

[6] Neeser does not raise any issues related to speedy sentencing on appeal.

RP (Nov. 9, 2018) at 9. When Neeser began testifying that he had gone over to his neighbor's property because he heard someone "screaming rape," the trial court interrupted and advised Neeser that the court was not going to hear testimony about the underlying events and that Neeser needed to focus on "the specific elements of [his] motion." RP (Nov. 9, 2018) at 9. The bulk of Neeser's remaining testimony did not relate to the motions before the trial court. At best, Neeser asserted that there was no factual basis for the plea because he had not committed an assault.

The trial court concluded that Neeser had not demonstrated that the plea colloquy was inadequate and that he had not established that anything justified the withdrawal of the plea. Accordingly, the trial court denied Neeser's motion to withdraw his guilty plea.

The trial court then sentenced Neeser to 3 months plus 36 months for the firearm sentencing enhancement. The trial court waived all non-mandatory fees and LFOs. But the trial court imposed a $200 criminal filing fee. The judgment and sentence also contains boilerplate language stating that interest on the LFOs would start to accrue from the date of judgment.

Neeser appeals the denial of his motion to withdraw his guilty plea, the imposition of the criminal filing fee, and the LFO interest provision.

## ANALYSIS

### I. VALIDITY OF PLEA AND DENIAL OF MOTION TO WITHDRAW GUILTY PLEA

Neeser challenges the validity of his guilty plea and the trial court's denial of his motion to withdraw his guilty plea. Neeser argues that his plea is invalid and that the trial court should have granted his motion to withdraw his plea because his statements during the hearing on the motion to withdraw the plea demonstrated that he did not understand the nature of the crime of second degree assault and that the trial court's plea colloquy was inadequate. We disagree.

6

We review de novo whether an appellant's guilty plea was knowing, intelligent, and voluntary. *Young v. Konz*, 91 Wn.2d 532, 536, 588 P.2d 1360 (1979); *State v. Harris*, 4 Wn. App. 2d 506, 512, 422 P.3d 482 (2018) (citing *State v. Bradshaw*, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004)). We review a trial court's denial of a motion to withdraw a guilty plea for abuse of discretion. *State v. A.N.J.*, 168 Wn.2d 91, 106, 225 P.3d 956 (2010). A defendant is entitled to withdraw his or her guilty plea when withdrawal is necessary to correct a manifest injustice. CrR 4.2(f).

Due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary. *State v. Mendoza*, 157 Wn.2d 582, 587, 141 P.3d 49 (2006). A guilty plea is not knowing, intelligent, and voluntary unless the defendant has an accurate understanding of the facts in relation to the law. *State v. R.L.D.*, 132 Wn. App. 699, 705-06, 133 P.3d 505 (2006). "A written statement on plea of guilty . . . provides prima facie verification of [the plea's] constitutionality, and when the written plea is supported by a court's oral inquiry on the record, 'the presumption of voluntariness is well[-]nigh irrefutable.'" *State v. Davis*, 125 Wn. App. 59, 68, 104 P.3d 11 (2004) (quoting *State v. Perez*, 33 Wn. App. 258, 261-62, 654 P.2d 708 (1982)).

Here, when the trial court accepted Neeser's guilty plea, Neeser had signed the statement of defendant on plea of guilty, in which he acknowledged that he had reviewed the charging information and the elements of the charged offense with his counsel. At the change of plea hearing, the trial court asked Neeser if he was "aware of" the elements of the offense that the State would have to prove beyond a reasonable doubt at trial, and Neeser responded affirmatively.

This written evidence and oral testimony at the plea hearing is prima facie evidence that Neeser understood the elements of the offense when he entered his guilty plea, and Neeser has not

presented any evidence demonstrating that he did not understand the elements of the offense *at that time*. Nor did he present such evidence at the hearing on his motion to withdraw the guilty plea. Although the record shows that Neeser had difficulty understanding the elements of the offense prior to his competency restoration and when he later moved to withdraw his guilty plea, none of this evidence sheds any light upon his understanding at the time he entered his guilty plea.[7]

Neeser relies on *State v. S.M.*, 100 Wn. App. 401, 996 P.2d 1111 (2000), for his claim that his mere response of "yes" to the trial court's inquiry during the plea colloquy was insufficient. *S.M.* is unpersuasive.

In *S.M.*, the State charged the defendant with three counts of first degree rape of a child. 100 Wn. App. at 403. The record established that the defendant had not discussed the substance of the plea with his defense counsel and that during the plea colloquy the trial court asked the defendant only if he knew what the word "sexual intercourse" was, whether he knew the victim, and how he pled. *S.M.*, 100 Wn. App. at 403-04. The defendant's plea statement also did not properly lay out all the elements of first degree rape of a child, particularly the penetration requirement. *S.M.*, 100 Wn. App. at 415.

Here, unlike in *S.M.*, the record shows that Neeser repeatedly consulted with his counsel about the nature of the offense over the course of his numerous competency proceedings and that as of May 9, 2017, Neeser understood the nature of the crime and the facts in relation to the law.

---

[7] We note that Neeser's May 9, 2017 evaluation shows that Neeser was fully able to understand the information his counsel provided and the nature of the charges just a few weeks before the change of plea hearing. Although the evaluator warned that Neeser could easily decompensate if he stopped taking his medications, there is nothing in the record showing that Neeser decompensated prior to the June 21, 2017 change of plea hearing.

The trial court also inquired as to whether Neeser's defense counsel had explained to him the legal elements of second degree assault, to which Neeser replied in the affirmative, and there is nothing in the record showing that this was not the case.

Because Neeser fails to show that his guilty plea was not knowing, intelligent, and voluntary, he is not entitled to withdraw his guilty plea and the trial court did not abuse its discretion when it denied the motion to withdraw his guilty plea. Accordingly, we affirm Neeser's conviction and the trial court's order denying the motion to withdraw the guilty plea.

## II. CRIMINAL FILING FEE AND LFO INTEREST PROVISION

Neeser argues, and the State concedes, that we should remand to the trial court to strike the criminal filing fee and the interest accrual provision. We accept the State's concession and remand for the court to strike these two LFO provisions.

In 2018, the legislature amended the statutory landscape of LFOs. LAWS OF 2018, ch. 269. These amendments went into effect in June 2018. Neeser was sentenced in November 2018. This recent legislation applies here because Neeser's sentencing was after the effective date of the 2018 amendments.

The parties agree that the trial court improperly imposed the criminal filing fee and the interest accrual provision. *See* RCW 10.82.090(1) ("As of June 7, 2018, no interest shall accrue on nonrestitution [LFOs]."); RCW 36.18.020(2)(h) (criminal filing fee "shall not be imposed on defendant who is indigent as defined in RCW 10.101.010(3)(a) through (c)").[8] We agree, and

---

[8] The trial court found Neeser indigent for purposes of appeal. The State does not dispute that the indigency was under RCW 10.101.010(3)(a) through (c).

remand this case to the sentencing court to strike the criminal filing fee and interest accrual provision.

### III.  SAG

Neeser makes several additional claims in his SAG.  These claims either fail or we do not reach them because they involve matters outside of the appellate record.

Neeser asserts that he was never asked to give a statement or asked about what he believed had happened during the incident with his neighbor.  To the extent he is arguing that he was never interviewed by the police or his counsel, we cannot address that claim because that information is outside the record.  *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995).  To the extent Neeser is arguing that the trial court should have asked him about his version of the incident, Neeser's version of the events was irrelevant once he entered his plea, so the trial court was under no obligation to question him about his perception of the incident.  Accordingly, Neeser is not entitled to relief on this ground.

Neeser next asserts that Western State Hospital's involvement "tainted" the case and denied him a fair trial.  SAG at 1.  He also appears to assert that there were no grounds for the competency evaluations because he had never been incompetent.  Based on the record, including the reports from Western State Hospital finding that Neeser was incompetent to stand trial without first receiving proper treatment, Western State Hospital's involvement was appropriate and in no way tainted the proceedings.  To the extent Neeser is attempting to challenge the trial court's orders requiring his evaluations, the record contains no information about those proceedings, so we cannot address such an argument.  Accordingly, Neeser is not entitled to relief on this ground.

Neeser further asserts that his request for the video of his intake and certain files was ignored. Although the record before us includes a discovery request that mentions police recordings and videos and one of the mental health evaluations mentions that Neeser had requested surveillance footage and other materials, there is nothing else in the record regarding whether these materials were ever produced or whether such materials in fact existed. Accordingly, we cannot address this issue based on the record before us, and Neeser is not entitled to relief on this ground.

Neeser appears to contend that the prosecutor, Mark Lindquist, had personal involvement in or personal knowledge of Neeser's case. Neeser appears to be referring to the charging information. The charging information does not state that Lindquist had any personal, direct knowledge or involvement in the case beyond signing the charging document. The accusations in the charging document are based on the declaration for determination of probable cause submitted by a deputy prosecutor which, in turn, is based on the police reports and investigation. This does not suggest that Lindquist had any personal knowledge or involvement.

To the extent Neeser is also asserting that Lindquist had personal knowledge or involvement because Lindquist also charged Neeser with a later driving offense, the mere fact the prosecutor is the party responsible for representing the State in criminal actions and bringing charges against a defendant for different offenses does not suggest any personal involvement. Accordingly, Neeser is not entitled to relief on this ground.

Neeser next asserts that by allowing his assigned counsel to withdraw and assigning conflict counsel the State admitted that there were problems with the case. But the record shows that Neeser created a conflict with his previously assigned counsel by claiming in his motion to withdraw his guilty plea that his prior counsel had misadvised him about the plea. Because of this conflict, the DAC was required to take his currently assigned counsel off of the case and to provide conflict counsel to represent Neeser. *See* RPC 1.8(b); 3.7(a). This change of counsel was not evidence of any wrongdoing or problems. Accordingly, Neeser is not entitled to relief on this ground.

Neeser further suggests that we should examine "mishandling" of a "driving case," and a later "false arrest" on other charges. SAG 2, 7-9. This appeal relates solely to his second degree assault conviction, so there is no basis for us to examine any other charges. Accordingly, Neeser is not entitled to relief on this ground.

Neeser raises several additional claims that we cannot address because they relate to matters outside of the record. *McFarland*, 127 Wn.2d at 338. These claims include (1) that during his forensic psychological evaluations his brother was contacted without permission and that his brother has denied talking to anyone,[9] (2) that his bail was wrongfully forfeited, (3) that he was not provided any legal assistance while at Western State Hospital, (4) that he did not violate the plea agreement, and (5) that he was held at Western State Hospital beyond an authorized 30-day period.

---

[9] The record shows that Neeser's brother was contacted by the psychologist conducting the January 16, 2017 forensic psychological evaluation.

No. 52941-6-II

Neeser fails to establish that he is entitled to relief based on any of the grounds alleged in his SAG.

Accordingly, we affirm Neeser's conviction and the trial court's denial of his motion to withdraw his guilty plea, but we remand to the sentencing court to strike the criminal filing fee and interest accrual provision from Neeser's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

GLASGOW, J.

13