**FILED**
**JULY 8, 2021**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 37408-4-III |
| | ) | |
| SHANNON BRUCE MORLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, C.J. — Shannon Bruce Morley has filed a petition for relief from

personal restraint, challenging the validity of his guilty plea to felony third degree escape.

Because Mr. Morley has not shown errors in the trial court's plea process resulted in any

prejudice, we deny his request for relief and dismiss the petition.

FACTS

On August 18, 2019, Mr. Morley escaped from work release while serving a

felony sentence. Mr. Morley had fled from a hospital where he was being treated for

kidney stones. Officers apprehended Mr. Morley hours later after he crashed a stolen car into a fence. The State charged Mr. Morley with one count of first degree escape on October 8, 2019. Although he had a lengthy criminal history, Mr. Morley had never been previously charged with escape.

The first degree escape charge subjected Mr. Morley to a sentencing range of 63 to 84 months' imprisonment. Mr. Morley planned to mount an involuntary intoxication defense and had retained an expert to testify on his behalf. However, prior to trial, Mr. Morley and the State reached an agreement to resolve the case for a lesser charge. Under the agreement, Mr. Morley would plead to an amended information charging felony third degree escape and the State would recommend a 90-day sentence.

With the help of his attorney, Mr. Morley signed a written plea statement, confirming the details of his agreement. The statement clarified Mr. Morley was pleading to a felony charge.

A change of plea and sentencing hearing was held in February 2020. During the hearing, Mr. Morley acknowledged he had read the guilty plea statement, along with a separate document listing his criminal history. Mr. Morley acknowledged he was pleading guilty to the reduced charge of third degree escape and he agreed the maximum penalty for the charge was five years' imprisonment. Mr. Morley then entered his plea as follows:

> THE COURT: To the charge third degree escape on or about
> August 18, 2019, as charged in the amended information, what is your plea?
> THE DEFENDANT: Guilty.
> THE COURT: Are you making this plea freely and voluntarily?
> THE DEFENDANT: Yes.
> THE COURT: Has anyone threatened you in any way or promised
> you anything to cause you to enter this plea?
> THE DEFENDANT: No.
> THE COURT: Your statement does indicate the court can rely upon
> the police reports to establish a factual basis for your plea. I have done so.
> I'm further satisfied your plea has been made knowingly, intelligently and
> voluntarily. The court finds the defendant guilty of third degree escape on
> or about August 18, 2019.

Report of Proceedings (Feb. 21, 2020) at 6-7.

During the sentencing phase of the hearing, defense counsel stated Mr. Morley was pleading guilty to felony third degree escape to avoid the potential of a lengthy sentence if he was to be found guilty of first degree escape. The trial court sentenced Mr. Morley to 90 days' custody, to be served concurrently with an unrelated charge.

Mr. Morley filed this personal restraint petition less than a week after his February 21, 2020, sentencing. Due to the Coronavirus pandemic, the trial court amended Mr. Morley's sentence on March 23, 2020, to credit for time served and released him from custody.

3

ANALYSIS

Mr. Morley contends the trial court improperly accepted his plea to felony third degree escape. According to Mr. Morley, because he had no prior convictions for third degree escape, the court lacked a factual basis for a felony conviction. Instead, the court was required to enter judgment for misdemeanor escape. *See* RCW 9A.76.130.

To obtain relief from personal restraint based on a constitutional error, such as an invalid guilty plea, a petitioner must show two things: (1) a constitutional error occurred and (2) the error resulted in actual and substantial prejudice. *See In re Pers. Restraint of Cook*, 114 Wn.2d 802, 809-10, 792 P.2d 506 (1990).

We first look to whether an error occurred. Mr. Morley is correct that because he lacked prior convictions for escape, the facts before the trial court were insufficient to justify a conviction for felony third degree escape. However, this does not mean the court was prohibited from accepting Mr. Morley's plea. Under *In re Personal Restraint of Barr*, 102 Wn.2d 265, 269-70, 684 P.2d 712 (1984), a defendant may plead to an amended charge that lacks a factual basis so long as there is a factual basis for the original charge. To enter a valid *Barr* plea, the record must establish the defendant entered the plea knowingly and voluntarily, and that there was a factual basis for the original charge. *State v. Bao Sheng Zhao*, 157 Wn.2d 188, 200, 137 P.3d 835 (2006).

4

The trial court here did not go through the *Barr* process prior to accepting Mr. Morley's plea. The court did not review the elements of felony third degree escape and clarify with Mr. Morley that the State's evidence would satisfy the elements of first degree escape, but not felony third degree escape. This was error. The only remaining question is prejudice.

In the context of a guilty plea, prejudice means showing that, had the error not occurred, the defendant "would more likely than not have refused to plead guilty and would have insisted on going to trial." *State v. Buckman*, 190 Wn.2d 51, 65-67, 409 P.3d 193 (2018). Mr. Morley has not made this showing. The facts in the record demonstrate the trial court could have conducted a full *Barr* colloquy. Had the court done so, there is no indication Mr. Morley would have decided not to enter his guilty plea and instead take his case to trial. In fact, Mr. Morley never states in his petition that he wants a trial. Rather, the relief he seeks is reversal of the conviction for felony third degree escape and remand to the trial court with instructions to enter judgment for misdemeanor third degree escape. This is tantamount to requesting that the court alter the terms of the plea agreement. This is not an available remedy.

No. 37408-4-III
*In re Pers. Restraint of Morley*

CONCLUSION

Under the State's original information, Mr. Morley was facing a difficult charge, carrying a significant prison sentence. Mr. Morley made a rational decision to cut his losses and accept a lesser charge that resulted in his prompt release from custody. Relief from personal restraint is unwarranted in these circumstances. The petition is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

6