# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57060-2-II |
| Respondent, | |
| v. | |
| MELVIN ANTONIO XAVIER III, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J. — Melvin Antonio Xavier III shot his wife in the leg. The State charged Xavier with first degree assault and several other offenses. To avoid a persistent offender designation, Xavier pleaded guilty to second degree robbery instead of first degree assault. At sentencing, the parties jointly recommended an exceptional sentence and the trial court imposed the recommended sentence.

Xavier later moved for resentencing pursuant to *State v. Blake*.[1] The parties jointly recommended a lower exceptional sentence. The trial court again imposed the sentence both parties requested.

Xavier now appeals, arguing that the resentencing court erred by failing to consider evidence of rehabilitation and failing to find that his prior 2001 convictions for second degree robbery and second degree assault constituted the same criminal conduct. In a statement of

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

additional grounds for review (SAG), Xavier also argues that the trial court miscalculated his offender score because his prior conviction for attempting to elude had washed out. We affirm.

FACTS

I. BACKGROUND AND FIRST SENTENCING HEARING

In 2020, Xavier threatened to kill his wife and shot her in the leg. As a result, the State charged Xavier with first degree assault, felony harassment, and two counts of first degree unlawful firearm possession. The State later added charges of fourth degree assault, tampering with a witness, and violating a court order.

Xavier ultimately pleaded guilty to second degree robbery with a domestic violence aggravator, felony harassment, unlawful firearm possession, fourth degree assault, tampering with a witness, and violating a no contact order. As part of his plea, he agreed that the prosecutor's statement of his criminal history was correct and complete.

At a combined plea and sentencing hearing, Xavier's defense attorney discussed the negotiations that led to Xavier's plea. He explained that Xavier had previously been convicted of two strike offenses. First degree assault was also a strike offense, and if Xavier were convicted of this third strike offense, he would have been designated a persistent offender and sentenced to life in prison without the possibility of parole. Former RCW 9A.36.011(2) (1997); former RCW 9.94A.030(33)(a), (38)(a) (2019); RCW 9.94A.570. Xavier instead pleaded guilty to second degree robbery, which was not a strike offense, under *In re Personal Restraint of Barr*, 102 Wn.2d 265, 684 P.2d 712 (1984). RCW 9A.56.210; former RCW 9.94A.030(33) (LAWS OF 2019, ch. 187, § 1). *Barr* allows a trial court to "accept a guilty plea to an amended charge not supported by a factual basis as long as there is a factual basis for the original charge." *State v. Wilson*, 16 Wn.

App. 2d 537, 538, 481 P.3d 614, *review denied*, 197 Wn.2d 1018 (2021). The trial court recited Xavier's offender score for each count and Xavier said he understood; he did not offer corrections or object to the trial court's recitation.

The trial court accepted Xavier's guilty plea and proceeded to sentencing. The defense and the State jointly recommended an exceptional sentence of 236 months in prison. Xavier's wife asked for leniency, stating that "if drugs hadn't been involved," the incident "wouldn't have happened." Verbatim Rep. of Proc. (VRP) at 63. The trial court nevertheless imposed the sentence the parties recommended. The trial court found that the parties had stipulated that justice would be "best served by the imposition of an exceptional sentence," and it concluded that the parties' stipulation provided "a substantial and compelling reason for an exceptional sentence." Clerk's Papers (CP) at 61. The trial court further concluded that the domestic violence aggravator provided a "sufficient independent basis" for the sentence. *Id.*

## II. RESENTENCING HEARING

After *Blake*, Xavier moved for resentencing because the trial court had calculated his sentencing range using a conviction that *Blake* had invalidated.

At the resentencing hearing, the State said Xavier's offender score for the second degree robbery conviction was 15, and Xavier did not object. The defense and the State jointly recommended a lower exceptional sentence of 144 months in prison. Xavier's wife asked for leniency again, stating that she "strongly [believed]" 12 years was "too much time." VRP at 113. Xavier asked about getting help with reentry into the community through the parent sentencing alternative, although the State explained that he was not eligible. Once again, the trial court imposed the sentence the parties recommended, finding that the parties had stipulated that justice

would be "best served by the imposition of an exceptional sentence" and concluding that the stipulation provided "a substantial and compelling reason for an exceptional sentence." CP at 84.

Xavier appeals his judgment and sentence.

## ANALYSIS

### I. CONSIDERATION OF MITIGATION EVIDENCE

Xavier argues that the trial court erred by resentencing him "without meaningful consideration of mitigation, including [his] evidence of rehabilitation" and his wife's request for a lower sentence. Br. of Appellant at 13. We decline to reach this argument.

A trial court may impose an exceptional sentence where the defendant and the State stipulate that justice would be best served by an exceptional sentence and the court finds such a sentence "to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act." RCW 9.94A.535(2)(a). When a defendant knowingly, intelligently, and voluntarily agrees to an exceptional sentence, they waive their right to review of the sentence. *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 311, 979 P.2d 417 (1999).

Here, *Breedlove* is controlling. Xavier waived his right to challenge the exceptional sentence because he agreed to it. The trial court imposed exactly the sentence that Xavier requested. He does not argue, and the record does not suggest, that his decision was not knowing, intelligent, and voluntarily. We therefore decline to reach his argument that the trial court erroneously resentenced him by failing to consider evidence of rehabilitation.

### II. SAME CRIMINAL CONDUCT

Xavier argues that the trial court calculated his offender score incorrectly because his "2001 convictions for second degree robbery and second degree assault [constituted] the same criminal

conduct and may not be scored separately." Br. of Appellant at 14. He notes that while he did not raise this argument during the post-*Blake* resentencing hearing, he raised it in a 2007 sentencing hearing. We decline to reach this argument.

For purposes of calculating a defendant's offender score, if the sentencing court enters a finding that some or all of the defendant's "current offenses encompass the same criminal conduct[,] then those current offenses shall be counted as one crime." Former RCW 9.94A.589(1)(a) (2015). Crimes constitute the same criminal conduct when they involve the "same criminal intent, same time and place, and same victim." *State v. Westwood*, No. 100570-9, slip op. at 5 (Wash. Sept. 7, 2023).[2] Given that "application of the same criminal conduct statute involves both factual determinations and the exercise of discretion," a defendant who does not argue below that their offenses encompass the same criminal conduct waives this challenge to their offender score on appeal. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 875, 50 P.3d 618 (2002).

Here, Xavier waived the argument that his convictions for second degree robbery and second degree assault constituted the same criminal conduct. During his 2007 sentencing hearing, Xavier withdrew this argument to take advantage of a plea agreement. *State v. Xavier*, noted at 147 Wn. App. 1026, slip op. at 4 (2008). Xavier did not raise the argument again in his 2020 and 2021 sentencing hearings in this case.

Even if Xavier had not waived the issue, our record does not contain the information necessary to determine whether the two offenses constituted the same criminal conduct. "The party presenting an issue for review has the burden of providing an adequate record to establish such error." *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); *see also* RAP 9.2(b). And

---

[2] https://www.courts.wa.gov/opinions/pdf/1005709.pdf.

Xavier has the burden of proving that his prior 2001 offenses were the same criminal conduct. *State v. Graciano,* 176 Wn.2d 531, 539-40, 295 P.3d 219 (2013). The criminal history section of Xavier's most recent judgment and sentence simply lists the offenses as "Rob 2" and "Assault 2." CP at 71. The preceding judgment and sentence lists the offenses the same way. Neither our record nor the unpublished decision addressing Xavier's 2007 sentencing hearing allows us to determine whether the offenses involved the same intent, time, place, and victim.[3] We therefore decline to address the merits of this issue.

### III. STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Xavier argues that the trial court calculated his offender score incorrectly because he was convicted for attempting to elude in 2002 and that conviction washed out. We decline to reach this argument.

With exceptions that do not apply here, a trial court must not include prior class C felony convictions other than sex offenses in a defendant's offender score if, since the defendant's last date of release from confinement for "a felony conviction, if any, or entry of judgment and sentence," the defendant "had spent five consecutive years in the community without committing any crime that subsequently results in a conviction." Former RCW 9.94A.525(2)(c) (2017). Attempting to elude was a class C felony in 2002. Former RCW 46.61.024 (1983).

Here, like the same criminal conduct argument, Xavier waived the argument that his conviction for attempting to elude washed out. As part of his plea, Xavier agreed that the prosecutor's statement of his criminal history was correct and complete. During the resentencing

---

[3] Although the State's Brief of Respondent mentions a supplemental designation of clerk's papers, that document does not appear in our record, nor have the clerk's papers been supplemented.

hearing, the State said Xavier's offender score for the most significant crime was 15, and Xavier did not object. Again, Xavier received the exact sentence he requested. And even if the conviction had washed out, the 1point change would not have made a difference in Xavier's sentence, because his offender score was well above 9 for the most significant crime and the trial court adopted the exceptional sentence both parties requested. *See* former RCW 9.94A.525(8) (stating that if "the present conviction is for a violent offense," a "prior adult nonviolent felony conviction" counts for one point).

CONCLUSION

We affirm Xavier's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Cruser, J.

Price, J.