# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59436-6-II |
| Respondent, | |
| v. | |
| KENNETH D. LINDELL, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Kenneth D. Lindell appeals his guilty plea to two counts of first degree theft, arguing that his plea was not knowing, voluntary, and intelligent. The State concedes that there is no evidence Lindell knew there was no factual basis to support his guilty plea, and therefore, Lindell's guilty plea was not knowing, voluntary, and intelligent. We accept the State's concession, reverse Lindell's guilty plea, and remand for further proceedings.[1]

## FACTS

In December 2023, the State charged Lindell with second degree burglary and first degree theft. The probable cause statement established that Lindell had entered a marine maintenance yard surrounded by a chain link fence with a locked gate and took four marine batteries and a snowmobile trailer. The trailer was valued at approximately $6,000. There was no value identified for the marine batteries. In January 2024, the superior court granted Lindell's motion to proceed as a self-represented litigant.

---

[1] Because we reverse Lindell's guilty plea, we do not address the additional issues Lindell raises regarding his exceptional sentence or the claims Lindell raises in his Statement of Additional Grounds.

In March, the State filed an amended information, charging Lindell with two counts of first degree theft as part of a global resolution to multiple cases. Lindell agreed that the superior court could rely on the statement of probable cause to establish a factual basis for his guilty plea to two counts of first degree theft. After reviewing the probable cause statement, the superior court found that there was a factual basis for the plea.

The superior court entered convictions for two counts of first degree theft. The superior court sentenced Lindell to an exceptional sentence of 57 months to run consecutively to the sentences in the companion cases that were part of a global resolution.

## ANALYSIS

Lindell appeals his guilty plea, arguing that his plea was not voluntary because there was no factual basis supporting his plea to two counts of first degree theft. The State concedes that Lindell's plea was not voluntary. We accept the State's concession.

A guilty plea must be knowing, voluntary, and intelligent. *In re Pers. Restraint of Barr*, 102 Wn.2d 265, 269, 684 P.2d 712 (1984). Generally, in order to be voluntary, there must be a factual basis for the guilty plea. *State v. Zhao*, 157 Wn.2d 188, 198, 137 P.3d 835 (2006). However, a defendant may choose to accept a guilty plea to lesser charges to which there is no factual basis provided that there was a factual basis for the original information and the record shows that defendant understands there is no factual basis for the charge to which he is pleading guilty. *Id.* at 200; *Barr*, 102 Wn.2d at 270.

RCW 9A.56.030(1)(a) provides that a person is guilty of first degree theft if they commit theft of property or services, other than a firearm, which exceeds $5,000 in value. Here, the amended information did not identify what property was the subject of each of the two first degree theft charges.

2

The record shows that the probable cause statement stated the trailer was valued at $6,000; therefore, there was a factual basis for one of the first degree theft charges. However, the probable cause statement did not provide any value for the marine batteries; therefore, there is no factual basis for the other first degree theft charge. Because there is no evidence that Lindell knew there was no factual basis for the first degree theft charge, his plea was not voluntary. Thus, we agree with the State's concession that there was no factual basis for the amended first degree theft charge and that nothing in the record indicates that Lindell understood he was pleading guilty to a charge with no factual basis.

We accept the State's concession that Lindell's plea was not voluntary. We reverse and remand to the superior court for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Veljacic, A.C.J

Che, J.

3