IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55305-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MICHAEL LEE WOLFENBERGER, | |
| Appellant. | |

MAXA, J. – Michael Wolfenberger appeals his convictions and sentence following his guilty plea to attempted second degree child molestation, felony communication with a minor for immoral purposes, and commercial sexual abuse of a minor. Wolfenberger does not attempt to withdraw his guilty plea, but he challenges the circumstances surrounding the plea and his sentence.

Wolfenberger originally was charged with attempted second degree child rape and felony communication with a minor for immoral purposes after being caught in a sting operation when he arranged to have sex with a law enforcement officer posing as a 13-year-old girl. As part of a plea agreement, Wolfenberger pled guilty to the amended charges of attempted second degree child molestation and commercial sexual abuse of a minor as well as felony communication with a minor for immoral purposes. For the attempted second degree child molestation conviction, the court imposed 42 months in confinement and reduced the required 36 month term of community custody to 18 months because the statutory maximum for that offense is 60 months. But the

court noted that any earned early release time would be converted to additional community custody.

Wolfenberger argues that (1) the trial court's notation converting earned early release time to community custody rendered the sentence unlawfully indeterminate; (2) his guilty plea to the amended charge of attempted second degree child molestation was a *Barr*[1] plea and was unlawful under *Barr*; (3) his guilty plea to the amended charge of commercial sexual abuse of a minor was unlawful under *Barr* because (a) there was no factual basis for the original attempted second degree child rape charge, and (b) there was no factual basis for the commercial sexual abuse of a minor charge; and (4) the amended information was inadequate because it failed to include the element that the three offenses were separate and distinct from one another.

We hold that (1) the trial court's notation that the community custody term would be increased by earned early release time up does not constitute an indeterminate sentence, (2) Wolfenberger's guilty plea to the amended charge of attempted second degree child molestation was not made under *Barr* and therefore his arguments regarding that plea have no merit, (3) Wolfenberger's guilty plea to the amended charge of commercial sexual abuse of a minor was not unlawful under *Barr*, and (4) the amended information was adequate because the three offenses were separate and distinct from one another is not an essential element of the charged offenses.

Accordingly, we affirm Wolfenberger's convictions and sentence.

FACTS

Wolfenberger communicated through social media and text messages with a law enforcement officer posing as a 13-year-old girl. Wolfenberger ultimately arranged to engage in

---

[1] *In re Pers. Restraint of Barr*, 102 Wn.2d 265, 684 P.2d 712 (1984).

sexual activity with the girl. He traveled to the girls' purported residence with condoms in his pocket and a Slurpee drink that the girl had requested he bring. He was arrested when he arrived at the residence.

The State originally charged Wolfenberger with attempted second degree child rape and communication with a minor for immoral purposes. The probable cause statement included the facts stated above.

Wolfenberger entered into a plea agreement with the State. The State agreed to file an amended information charging Wolfenberger with attempted second degree child molestation, felony communication with a minor for immoral purposes, and commercial sexual abuse of a minor. Wolfenberger agreed to plead guilty to those charges. The plea agreement included a joint sentencing recommendation.

In his guilty plea statement, Wolfenberger stated that he was interested in sex with the girl. In addition, he acknowledged that his actions "could be interpreted as substantial steps toward committing the crime of Attempted Child Molest in the Second Degree, and when I drove to the house, I was intending to have sexual contact with [the girl]." Clerk's Papers (CP) at 12-13. He also admitted that the text messages were electronic communication and that he sent them "for an immoral purpose of a sexual nature." CP at 12.

However, Wolfenberger stated,

I did not commit the completed crime of Commercial Sexual Abuse of a Minor, but I have reviewed the evidence the State has against me with my lawyer, and I believe I would be convicted of the charges originally filed, so I want to plead guilty to a crime I did not commit in exchange for the opportunity to get the original charges reduced to the ones in the Amended Information.

CP at 13.

Wolfenberger asked the trial court to consider the facts he admitted and the probable cause statement to find a factual basis for his plea. Both Wolfenberger and his counsel signed the guilty plea. The trial court found that the plea was made knowingly, intelligently and voluntarily, and found a factual basis for the plea.

The trial court sentenced Wolfenberger to 42 months for attempted second degree child molestation, 22 months for communication with a minor for immoral purposes, and 67 months for commercial sexual abuse of a minor. The sentences ran concurrently, making the total confinement 67 months. The court also imposed 36 months of community custody. However, the court included the following notation regarding the attempted second degree child molestation conviction: "Actual term imposed today: 18 months, which can increase by earned early release time up to a max of 36 [months]." CP at 93.

Wolfenberger appeals his convictions and his sentence.

ANALYSIS

A.     CONVERSION OF EARNED EARLY RELEASE TIME TO COMMUNITY CUSTODY

Wolfenberger argues that the court imposed an indeterminate sentence by stating that earned early release time would be converted to community custody time, which was an amount unknown at the time of sentencing. We disagree.

Under RCW 9.94A.701(1)(a), a person convicted of a sex offense must be sentenced to three years of community custody. This statue "require[s] trial courts to impose fixed terms of community custody." *State v. Bruch*, 182 Wn.2d 854, 861, 346 P.3d 724 (2015). Indeterminate terms of community custody are invalid. *State v. LaBounty*, 17 Wn. App. 2d 576, 583, 487 P.3d 221 (2021).

However, trial courts cannot impose total terms of confinement and community custody that exceed the statutory maximum sentence. *Id.* at 582. Therefore, RCW 9.94A.701(9) states that if the total terms would be above the statutory maximum, the trial court must reduce the community custody term accordingly. Under this statute, an offender may not be required to serve an otherwise mandatory community custody term. *LaBounty*, 17 Wn. App. 2d at 583.

Under RCW 9.94A.729(1)(a), the Department of Corrections (DOC) may reduce an offender's sentence by "earned release time" based on good behavior and good performance. RCW 9.94A.729(5)(a) states that an offender who will be supervised by DOC pursuant to RCW 9.94A.501 "shall be transferred to community custody in lieu of earned release time." RCW 9.94A.501(4)(a) provides that DOC shall supervise any person convicted of a "sex offense" who is sentenced to community custody. And the term "sex offense" includes second degree child molestation. RCW 9.94A.030(47)(a)(i); RCW 9A.44.086(1).

In *Bruch*, the Supreme Court held that a provision converting earned early release time to community custody does not create an invalid indeterminate sentence as long as RCW 9.94A.729(5) applies. 182 Wn.2d at 862-71; *see also LaBounty*, 17 Wn. App. 2d at 586-88. In fact, RCW 9.94A.729(5) – if applicable – *mandates* that earned early release time be converted to community custody regardless of a notation in the judgment and sentence. *Bruch*, 182 Wn.2d at 867-68 & n.5; *LaBounty*, 17 Wn. App. 2d at 588.

Here, Wolfenberger was convicted the sex offense of attempted second degree child molestation. Therefore, RCW 9.94A.729(5) applies, and the trial court was required to convert Wolfenberger's earned early release time to community custody. And under *Bruch* and *LaBounty*, the trial court's notation did not make Wolfenberger's sentence indeterminate.

We reject Wolfenberger's argument that the trial court imposed an indeterminate sentence.

B.      VALIDITY OF GUILTY PLEAS

Wolfenberger argues that his guilty pleas to second degree child molestation and commercial sexual abuse of a minor were unlawful under *Barr* for various reasons.[2]  We disagree.

1.      Legal Principles

The general rule is that a trial court cannot accept a guilty plea unless there is a factual basis for the plea.  CrR 4.2(d).  However, under a *Barr* plea, a defendant can plead guilty to an amended charge for which there is no factual basis as long as there is a factual basis for the original charge.  *State v. Wilson*, 16 Wn. App. 2d 537, 542-43, 481 P.3d 614, *rev. denied*, 197 Wn.2d 1018 (2021) (citing *In re Pers. Restraint of Barr*, 102 Wn.2d 265, 270, 684 P.2d 712 (1984)).

The Supreme Court explained this rule:

> Since the factual basis requirement, both in case law and in this court's rule is founded on the concept of voluntariness, we hold that a defendant can plead guilty to amended charges for which there is no factual basis, but only if the record establishes that the defendant did so knowingly and voluntarily and that there at least exists a factual basis for the original charge, thereby establishing a factual basis for the plea as a whole.  Doing so supports a flexible plea bargaining system through which a defendant can choose to plead guilty to a related charge that was not committed, in order to avoid near certain conviction for a greater offense.

*State v. Zhao*, 157 Wn.2d 188, 200, 137 P.3d 835 (2006).

---

[2] Wolfenberger does not appear to challenge his guilty plea to communication with a minor for immoral purposes, which was not amended from the original charge and clearly had a factual basis.

2. Guilty Plea to Attempted Second Degree Child Molestation

Wolfenberger argues that his guilty plea to the amended charge of attempted second degree child molestation was unlawful under *Barr* because (1) attempted second degree child molestation is not a lesser included offense of the original charge of attempted second degree child rape, and (2) there was no factual basis for the original charge of attempted second degree child rape. However, we need not consider these arguments because Wolfenberger's guilty plea to the amended charge of attempted second degree child molestation was not made under *Barr*.

As noted above, a *Barr* plea occurs when a defendant pleads guilty to an amended charge for which there is no factual basis. *Wilson*, 16 Wn. App. 2d at 542-43. Here, the State amended its original charge of attempted second degree rape so Wolfenberger could plead guilty to attempted second degree child molestation.

However, Wolfenberger expressly acknowledged that there was a factual basis for the amended charge. In his guilty plea statement, Wolfenberger stated that he was 26 years old and was interested in sex with a 13-year-old girl. And he stated that his actions "could be interpreted as substantial steps toward committing the crime of Attempted Child Molest in the Second Degree, and when I drove to the house, I was intending to have sexual contact with [the girl]." CP at 12-13.

In his reply brief, Wolfenberger argues that there was no factual basis for a finding that he acted for the purpose of sexual gratification. A required element of second degree child molestation is "sexual contact," RCW 9A.44.086, which is defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(13). The intent to have sexual intercourse is a sufficient factual basis for the sexual gratification requirement.

Because there was a factual basis for Wolfenberger's guilty plea, the *Barr* rule is not implicated. Therefore, we need not consider Wolfenberger's challenge to his attempted second degree child molestation conviction based on *Barr*.

### 3. Guilty Plea to Commercial Sexual Abuse of a Minor

Wolfenberger argues that his guilty plea to the amended charge of commercial sexual abuse of a minor was unlawful under *Barr* because (1) there was no factual basis for the original charge of attempted second degree child rape, and (2) there was no factual basis for the commercial sexual abuse of a minor charge. We disagree.

#### a. Factual Basis for Original Charge

The State originally charged Wolfenberger with attempted second degree child rape. RCW 9A.44.076 states that a person is guilty of second degree child rape "when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and the perpetrator is at least thirty-six months older than the victim." Under RCW 9A.28.020(1), "[a] person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime."

Here, the probable cause declaration established that Wolfenberger, who was 24 years old, arranged to have sex with a girl who told him that she was 13 years old. Wolfenberger then arrived at the girl's purported residence with condoms in his pocket. Further, Wolfenberger admitted in his guilty plea statement that when he drove to the house, he was intending to have sexual contact with the girl.

We conclude that there was a factual basis for the original charge as required for a *Barr* plea.[3]

      b.    Factual Basis for Guilty Plea

Wolfenberger argues that his guilty plea to commercial sexual abuse of a minor was unlawful because there were no facts that supported the amended information charging that offense and there was no factual basis for his plea. But these arguments have no merit because Wolfenberger's guilty plea to commercial sexual abuse of a minor was a *Barr* plea.

As noted above, under a *Barr* plea, a trial court can accept a guilty plea to an amended charge that is not supported by a factual basis as long as there is a factual basis for the original charge. *Wilson*, 16 Wn. App. 2d at 542-43. We conclude above that there was a factual basis for the original charge. Therefore, Wolfenberger's *Barr* plea was valid regardless of whether there was a factual basis for the commercial sexual abuse of a minor charge.

## C.    ADEQUACY OF AMENDED INFORMATION RE SEPARATE AND DISTINCT CHARGES

Wolfenberger argues that the amended information was inadequate because it failed to include the essential element that the three charged offenses were separate and distinct from another. We disagree.

To be constitutionally sufficient an information must state "every essential statutory and nonstatutory element of the crime." *State v. Pry*, 194 Wn.2d 745, 751, 452 P.3d 536 (2019). An essential element is one that must be specified to establish the illegality of the charged behavior.

---

[3] Wolfenberger also challenges the sufficiency of the evidence for the commercial sexual abuse of a minor charge based on the fact that the victim was not a real person. However, a guilty plea waives a defendant's right to appeal the sufficiency of the evidence. *In re Pers. Restraint of Bybee*, 142 Wn. App. 260, 268, 175 P.3d 589 (2007).

*Id.* at 752. However, the information is not required to provide definitions of essential elements. *Id.*

Here, the amended information listed all essential elements for each charged offense. That the three charged offenses were separate and distinct from another is not a statutory element of any of the offenses. And there is no authority for the proposition that a nonstatutory element is that multiple charged offenses be separate and distinct from another.

We hold that the amended information was not inadequate.

## CONCLUSION

We affirm Wolfenberger's convictions and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
LEE, J.

_____
CRUSER, A.C.J.